## In re SLOAN.

(District Court, S. D. Iowa.  May Term, 1900.)

1. BANKRUPTCY—PREFERENCES—PAYMENT OF MONEY.

Payment of a debt in money is a transfer of property, within the meaning of Bankr. Act 1898, § 60a, providing that a debtor shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable one of his creditors to obtain a greater percentage of his debt than other creditors of the same class.

2. SAME—PROOF AND ALLOWANCE OF CLAIMS—PREFERRED CREDITORS.

Under section 57g, providing that the claims of creditors of a bankrupt who have received preferences shall not be allowed unless they surrender their preferences, a creditor who has actually received a preference, by a partial payment of his debt, within four months before the bankruptcy of the debtor, and at a time when the latter was insolvent, cannot have his claim allowed against the estate of the bankrupt without surrendering to the trustee the money so received, notwithstanding the fact that, when he received the payment, he had no knowledge or cause to believe that the debtor was insolvent or that a preference was intended.

In Bankruptcy.  On review of decision of referee in bankruptcy.

George F. Heindel, for trustee.
Work & Work, for Keith Bros. and other creditors.

SHIRAS, District Judge.  From the record in this case it appears that on the 5th day of January, 1900, Frank Sloan was duly adjudged a bankrupt upon his own petition, and George Earheart was appointed trustee for his estate.  On the 26th of March, 1900, the bankrupt and the trustee united in a petition filed before the referee asking that the allowance of certain claims be expunged and set aside, and that certain other claims pending for allowance be disallowed, for the reason that within four months next preceding the adjudication in bankruptcy the claimants had received payments from the bankrupt, and had not repaid the amounts to the trustee.  In this petition it is averred that for a long time prior to the filing of the petition in bankruptcy the bankrupt was largely indebted to many persons; that when making the payments in question he supposed he was in fact solvent, and so believed up to about the time when he filed his petition in bankruptcy, but it now appears that in fact he was insolvent during the period of four months next preceding the commencement of the bankruptcy proceedings, and that his estate will not pay his debts in full; and therefore it is asked that the creditors to whom these payments were made shall not be allowed to prove up their claims or participate in the dividend to be paid, unless they shall first repay to the trustee the amounts paid them within the period of four months next preceding the filing of the petition in bankruptcy.  According to the averments of the petition, the payments to the creditors were made in cash upon account, and it is not charged that when these payments were received the creditors knew of the actual insolvency of the debtor, or had reason to believe that thereby they were in fact being preferred over the other creditors of the bankrupt.  To this petition a demurrer was interposed on behalf of the creditors named in the petition, and

thereby was presented the question whether, under the provisions of the bankrupt act, the fact that these creditors had been paid within four months preceding the filing of the petition in bankruptcy certain sums of money to apply on the debts due them, the debtor being at the time the payments were made actually insolvent, bars the creditors from proving up the balance of their claims, unless they first repay to the trustee the sums paid them; it being admitted that when the payments were made the creditors did not know that the debtor was insolvent, and had no reason to believe that it was the intent of the bankrupt to give them a preference by the payments made them. Upon the hearing before the referee the demurrer was sustained, to which ruling exception was taken, and the question has been certified for consideration by the court.

In the case of In re Ft. Wayne Electric Corp., 39 C. C. A. 582, 99 Fed. 400, the circuit court of appeals for the Seventh circuit considered all the questions involved in the present case, and reached the conclusion that a payment of money is a transfer of property, within the meaning of section 60 of the bankrupt act, and that a creditor to whom a payment in money has been made by an insolvent debtor cannot prove his claim until he has paid back the sum received, even though when he received it he did not know, or have cause to believe, that the debtor was insolvent or intended to prefer him over his other creditors. The same conclusion was reached by Judge Hanford in the case of In re Conhaim (D. C.) 97 Fed. 923. The grounds upon which these decisions are based seem well taken, and are decisive of this case. The ruling of the referee upon the demurrer is therefore set aside, and the record is returned to the referee for further proceedings.