In re ARNDT.

(District Court, E. D. Wisconsin. October 15, 1900.)

BANKRUPTCY—PREFERENCES—PAYMENTS ON ACCOUNT.

The fact that partial payments made by a bankrupt to a creditor on account, within four months prior to the filing of petition, in the usual course of business, and received by the creditor without knowledge of the debtor's insolvency, were made for the purpose of obtaining more goods on credit, and that the creditor extended such credit, does not take the case out of the established rule that such payments constituted preferences, which, under Bankr. Act 1898, § 57g, must be surrendered before the creditor's claim can be allowed against the bankrupt's estate.

In Bankruptcy. Certified question whether payments made by the bankrupt on open account, within four months prior to the filing of petition, constitute a preference, and bar claim of the John Pritzlaff Hardware Company, pursuant to section 57g, Bankr. Act 1898.

W. J. Luedke, for bankrupt.
Frank T. Boesel, for trustee.

SEAMAN, District Judge. The ground upon which the claimants urge an exception of this case from the general rule pronounced by the circuit court of appeals in Columbus Electric Co. v. Worden, 39 C. C. A. 582, 99 Fed. 400, is this stipulated state of facts: That the bankrupt was aware of his insolvency when the payments were made, but the creditor was not; that the payments were made in the ordinary course of business, but for the purpose of obtaining more goods; that the creditor had refused further credit, but, in consideration of the fact of payment, "they afterwards, in good faith, gave further credit, without security of any kind, for property which became part of the bankrupt's estate." The right of the creditor is unquestionable to limit the extent of his credit, and exact cash payment for all sales beyond such amount, unaffected by the provisions of the act relating to preferences; and if the payments in question and later sales were so far concurrent, in amount and time, as to admit of construction as cash sales, there would be force in the contention to so treat the payments, notwithstanding their presentation in the form of a running account. But the statement, as stipulated, shows no such concurrence; the payments being made and credited as upon general account without regard to the particular amount of the sale or sales made about the same date, and in no instance are the amounts exactly equivalent. The case as presented is distinguishable from that of the Columbus Electric Co., supra, in the fact only that the payments were made upon current account instead of past-due note; and is not distinguishable, even in that feature, from In re Fixen (C. C. A. 9th Cir.) 102 Fed. 295, recently decided, where the same rule is applied in holding that payments within four months constitute preferences, within the act. The first-mentioned decision is controlling here, and that in the Fixen Case seems to be its logical sequent. I am constrained to follow such rulings, and the order of the referee disallowing the claim of the John Pritzlaff Hardware Company, unless the payments so made of $280.46 are surrendered to the trustee, is affirmed.