### In re SECKLER.

#### (District Court, D. Kansas, First Division. February 15, 1901.)

1. **BANKRUPTCY—PROOF AND ALLOWANCE OF CLAIMS—PREFERRED CREDITORS.**
   Under Bankr. Act 1898, providing that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," a creditor who has received a partial payment while the debtor was insolvent, and within four months before the latter became bankrupt, must surrender such payment as a preference before he can prove the balance of his claim, notwithstanding the fact that he received it in the ordinary course of business, and without knowledge or reasonable cause to believe that the debtor was insolvent, or a preference intended.

2. **SAME—RIGHT TO SET OFF NEW CREDIT.**
   Under Bankr. Act 1898, § 60c, providing that, "if a creditor has been preferred, and afterward in good faith gives the debtor further credit, without security of any kind, for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him," the right to such set-off is not restricted to cases in which the trustee brings an action against the creditor under the preceding clause to avoid the preference and recover the amount thereof, but is available to the creditor as against a preference he is required to surrender to secure the allowance of his claim. The preference is as effectually "recoverable" through legal proceedings in the latter case as in the former, and it is contrary to the equitable spirit of the act to give the right of set-off to a creditor who knowingly received a preference, and deny it to one who received a preference innocently.

In Bankruptcy. Questions certified by referee

J. H. Wendorff, for objecting creditors.
Arthur M. Jackson, for Morris Neuberger & Sons.
Wollman, Solomon & Cooper, for other creditors.

HOOK, District Judge. This cause arises upon a certification by the referee in bankruptcy for review of two questions which arose in the administration of the bankrupt's estate:

1. The bankrupt was found to have been insolvent during the entire four months preceding the filing of his petition in bankruptcy. During that period certain of the creditors who presented their claims for allowance had innocently received from the bankrupt payments

of money on account, they having no knowledge or cause to believe that their debtor was insolvent, or that a preference was intended. Do such payments constitute preferences which the creditors are required to surrender in order to secure an allowance of their claims? This question should be answered in the affirmative, and the ruling of the referee thereon approved. In re Conhaim (D. C.) 97 Fed. 923; Electric Co. v. Worden, 99 Fed. 400, 39 C. C. A. 582; Strobel & Wilken Co. v. Knost (D. C.) 99 Fed. 409; In re Christensen (D. C.) 101 Fed. 802; In re Sloan (D. C.) 102 Fed. 116; Forgy v. Field, 42 C. C. A. 354, 102 Fed. 295; In re Rogers Mill. Co. (D. C.) 102 Fed. 687; In re Arndt (D. C.) 104 Fed. 234.

2. Some of the creditors who had thus innocently secured preferences by receiving payments on their accounts thereafter in good faith gave the debtor further credit, without security, for property which became a part of the debtor's estate, and such new credits remained unpaid at the time of the adjudication in bankruptcy. The question in this connection is whether such a creditor is entitled to have his new credit set off against the preference which he is called upon to surrender as a condition to the allowance of his claims. Clause "b" of section 60 of the bankrupt act of 1898 provides that, if a preference is received with reasonable cause on the part of the creditor or his agent acting in the matter to believe that it was intended as a preference, it shall be voidable by the trustee, who may, under such circumstances, maintain an action to recover the property or its value. Clause "c" of the same section provides that if a creditor has been preferred, and afterwards in good faith gives the debtor further credit, without security, for property which becomes a part of the debtor's estate, the amount of the new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him. The rule in respect of a preference innocently received without reasonable cause for belief that a preference was intended is that an affirmative action for its recovery cannot be maintained by the trustee, but the creditor will be denied the right to have his claims against the bankrupt's estate allowed, unless he surrenders the preference. The solution of the question under consideration turns upon the interpretation to be given to the term "recoverable," as used in clause "c" of section 60. The new credit can only be set off against a preference that is recoverable from the creditor. It has been held in some jurisdictions that, in order that a new credit may be used as a set-off against a preference previously received, the preference must be one that is recoverable in an action brought by the trustee for that purpose,—that is to say, a preference received with reasonable cause for belief that it was so intended; that the new credit cannot be the basis of a set-off against a preference innocently received for the reason that such a preference is not one that is "recoverable." In re Christensen (D. C.) 101 Fed. 802; In re Arndt (D. C.) 104 Fed. 234. I am of the opinion that this interpretation is too restricted, and is not in harmony with the equitable spirit of the bankrupt act. The term "recoverable," in its larger and more popular sense, implies a capability of being obtained by course of law. Recovery, as a legal

expression, signifies a restoration of a right by means of a judicial proceeding; and it is not material whether it is the result of a proceeding especially instituted for that purpose, or is by law made a condition to the accomplishment of some other purpose for which suit is brought. If a preference is not received in good faith, the trustee may institute suit for it. If it is innocently received, the trustee may not maintain suit therefor, but the creditor is compelled to surrender it as a condition to the maintenance of a proceeding for the allowance of his demands. In either event the preference is recoverable. In either case there is a restoration of a right by course or process of law. Whenever the creditor presents for allowance the balance due upon his old claims or the new credits extended to his debtor, the amount or value of the preference received by him must be surrendered as a condition to the award which he seeks. There are many rights, especially of an equitable nature, which may properly be said to be recoverable, but which await for their enforcement the initiative of the person against whom they rest. This conclusion is concededly a most equitable one, and it is well within the spirit and a liberal interpretation of the letter of the bankrupt act. There is another consideration which tends to the same result. The new credit, to be available as a set-off against a preference received, must, under clause "c," have been afterwards given in good faith. If the preference were innocently received, it might well be that a subsequent credit could be so given; but, if the preference were not innocently received, it is more difficult to perceive how the creditor could thereafter, within the limited period, and in good faith, extend a new credit to his debtor. The ruling of the referee upon this question will be set aside.