## In re BASHLINE.

(District Court, W. D. Pennsylvania. April 30, 1901.)

BANKRUPTCY—PREFERENCES—SEPARATE CLAIMS—INTENT.

Under Bankr. Act 1898, § 60, cl. a, providing that a person shall be deemed to have given a preference if, being insolvent, he has made a transfer of property, and its effect will be to enable a creditor to obtain a greater percentage of his debt than other creditors of the same class; and section 57, cl. g, providing that the claims of creditors who have received preferences shall not be allowed unless such creditors surrender their preference,—one who during insolvency of the debtor, and within four months of bankruptcy proceedings, has had claims of his paid, has received a preference, whatever the intent, so that, without surrender of it, other claims of his cannot be allowed.

A. G. Williams and W. H. Lusk, for creditors.
Porter W. Lowry, for bankrupt.

BUFFINGTON, District Judge. The petition in bankruptcy in this case was filed October 1, 1900. The facts bearing on the present question are as follows: The claim of Behrhorse & Fichtel is for goods sold June 20, 1900, $32.81; July 18th, $32.91; August 30th, $9.66; and September 12, $25.91,—in all $101.29. When the bills of June 20th and July 18th were contracted, the bankrupt owed said firm $57.34 for another invoice of goods sold May 19, 1900. On July 27th this bill was paid in full, at which time the bankrupt was insolvent. The bankrupt also, on August 28th, paid $29.14, and on September 11th, $25; the said sums being in full of another outstanding bill furnished May 23, 1900. The claim of McCoy & Rumberger is for goods sold August 6 and September 5, 1900, aggregating $41.94. At both these dates the said firm had another account against the bankrupt for goods sold August 4, 1900. Subsequently, to wit, on September 8th, this bill was paid in full by the bankrupt, who was then insolvent.

It is claimed by said creditors that the several bills so paid were paid by specific application, that they were extinguished, and that the claims now proven are separate, disconnected bills, and have no connection whatever with the accounts paid. The referee found the bankrupt was insolvent when the recited payments were made, that such payments were preferences, and that without a surrender of such preferences the preferred creditors could not participate in the remaining assets of the insolvent estate.

In so holding we are of opinion the referee but followed the express terms of the act. Section 60, cl. a, provides: "A person shall be deemed to have given a preference if, being insolvent, he has * * * made a transfer of any of his property, and the effect of the * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." The act defines transfer to "include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security." It follows, therefore, that the payments of these sev-

eral sums were transfers of such portions of an insolvent debtor's property to his creditors, and the effect of such transfer was to enable such creditors "to obtain a greater percentage of their debt than any other of such creditors of the same class." Such payment was therefore a preference. It will be noted that insolvency and the effect of the transfer are the sole tests prescribed by this subdivision. The question of the intent of either the debtors or the creditors are not made elements, but the fact of the debtor's insolvency and the effect of the transfer determine the character as a preference of the payment.

Having, therefore, received preferences from an insolvent estate, these creditors are subject to section 57, cl. g, which provides: "The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preference." The language of the present act is broader than the former act. By it "any person who * * * has accepted any preference, having reasonable cause to believe that the same was made or given by the debtor contrary to any provision of the act * * * shall not prove the debt or claim on account of which the preference is made or given, nor shall he receive any dividend therefrom until," etc. There the creditor must have reasonable cause to believe the preference was unlawful and if such was the case it only debarred him from proving the debt or claim on account of which the preference was given. The present act wholly omits from section 57, cl. g, the element of the creditor's intentions, belief, or knowledge, and uses the broad language, "creditors who have received preferences." It does not exclude alone "the debt or claim on account of which the preference is made." It uses the comprehensive term "the claims" of creditors of the class named, to wit, "creditors who have received preferences." Language could not be more explicit. There is no room for judicial construction. "Sic ita scripta est." Nor do we see any injustice in such provision. The purpose of the law is to divide an insolvent estate equally. These creditors have received from an insolvent estate payments on account. The act does not force them to give up what they have received in regular course of business and without knowledge of the debtor's insolvency, but it rightly says that they shall not receive further portions of the insolvent estate unless they shall surrender the preferences paid them, be it observed, when the debtor was insolvent, and unless they shall account for the portions of the insolvent estate they have already received. We find, warrant for the conclusion here reached in the plain terms of the act. We find support for this view in Columbus Electric Co. v. Worden, 2 Nat. Bankr. N. 434, 99 Fed. 400; In re Conhaim, 2 Nat. Bankr. N. 148, 97 Fed. 923; In re Fixen, 2 Nat. Bankr. N. 885, 102 Fed. 295. The referee rightly found the date of the payment of the claim of Buckingham Bros. was in June, when the check was paid. All the objections to the referee's certificate are overruled. Let it be so certified to the referee.