## In re ABRAHAM STEERS LUMBER CO.

(Circuit Court of Appeals, Second Circuit. December 6, 1901.)

### Nos. 102, 103.

1. BANKRUPTCY—PREFERENCE—CREDITOR'S KNOWLEDGE.

Under Bankr. Act 1898, § 60, subd. a, declaring that a person shall be deemed to have given a preference, if, being insolvent, he has made a transfer of any of his property, etc., a payment made by an insolvent debtor within four months of the filing of a bankruptcy petition, which enables the creditor to obtain a greater percentage of his debt than other creditors of the bankrupt of the same class receive, constitutes a preference, which the creditor must return, if he desires to share in the balance, though the payment was innocently received; and this though the payment was not voidable as a preference by the trustee in bankruptcy, by reason of the expiration of the four months' limitation specified in section 60, subd. b.

2. SAME—DEBTS SUBSEQUENTLY CONTRACTED.

Partial payment of an existing debt in cash, and the giving of a note for the balance, more than four months before the filing of a petition in bankruptcy, the note being received as payment by the creditor, without knowledge of the debtor's insolvency, does not constitute a preference as regards a new indebtedness, subsequently contracted, to which the payment could not have been applied, and hence the creditor is not required by Bankr. Act 1898, § 57, subd. g, to surrender such payment as a condition precedent to his right to prove the subsequent debt against the bankrupt's estate.

3. SAME—SET-OFF.

Where, more than four months before a bankruptcy petition was filed, the debtor paid his creditor a part of a previous debt in cash, and the balance by note, which was received by the creditor as payment, without knowledge of his debtor's insolvency, the payment so made cannot be treated as a set-off against a debt subsequently contracted, which the creditor sought to prove in the bankruptcy proceeding.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy. For opinion of district court, see 110 Fed. 738.

Stillman F. Kneeland, for E. F. Perry.
J. J. Mattocks, for R. R. Sizer.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. We are of the opinion that a payment made by an insolvent debtor, within four months of the filing of a petition upon which he was adjudicated a bankrupt, which enables a creditor to obtain a greater percentage of his debt than the other creditors of the bankrupt of the same class, is a preference, and that the creditor receiving the payment cannot prove his debt for the balance without surrendering it, notwithstanding he received it innocently and without reasonable cause to believe that it was intended to give a preference. The payment being a preference within the plain definition of Bankr. Act 1898, § 60, subd. a, it must be surrendered before the claim of the creditor for the balance can be allowed by the terms of section 57, subd. "g"; and it is quite immaterial that the payment is not avoidable as a preference by the trustee in bankruptcy, pursuant to subdivision "b" of section 60. Subdivision "a" of section 60 needs no other explanation from other provisions of the bankrupt law for its proper interpretation, and the element of time or intent necessary to enable the trustee to recover a preferential payment cannot be reasonably incorporated into it.

The case presents another question. The bankrupt was indebted to the creditor upon an open account, and at a date more than four months previous to the filing of the petition made a payment upon that account in money, and gave his note for the balance, which payment and note were treated by the creditor as full payment, and the account was balanced upon his books. The debtor was insolvent at the time, but the creditor had no reasonable cause to believe that a preference was intended. Subsequently the bankrupt contracted another debt with the creditor. The question is whether proof of that debt cannot be allowed without a surrender by the creditor of the payment received upon the previous debt. We are of the opinion that the payment, notwithstanding it was a preference, being upon a distinct and independent debt from that which is sought to be proved, need not be surrendered by the creditor. We are also of the opinion that the payment cannot be treated as a set-off against the debt sought to be proved. We do not deem it necessary to enlarge upon the reasons for our conclusions in respect to these questions. These are fully discussed in the opinion of Judge Thomas, who decided the case in the court below, and we fully concur in his views.

The order of the court below is affirmed.