## In re THOMPSON et al.

### (District Court, E. D. Pennsylvania. January 7, 1902.)

### No. 1,015.

BANKRUPTCY—SURRENDER OF PREFERENCES—NEW CREDITS.

Bankr. Act 1898, § 60, cl. "c," entitles a creditor who has been innocently preferred to set off the amount of new credits against the preference which he is required to surrender before proving his claim.

In Bankruptcy. On certificate of referee.

Julius C. Levi, for receiver.
J. Parker Crittenden and Julius C. Levi, for bankrupt.
H. C. Thompson, Jr., and Benjamin Alexander, for creditors.

J. B. McPHERSON, District Judge. The objections to the report of the learned referee, which may be found in Re Thompson, 6 Am. Bankr. R. 663, present for decision the much-discussed question concerning the meaning of the phrase "otherwise recoverable," in section 60, cl. "c," of the bankrupt act. It is certain that the dispute concerning the scope of these two words can only be settled by the supreme court, and I shall not, therefore, undertake the superfluous task of adding anything to the existing literature of the subject. In addition to the cases cited by the referee, several other decisions have been reported, of which a citation may be convenient. In re Seckler (D. C.) 106 Fed. 484; In re Southern Overall Mfg. Co., 6 Am. Bankr. R. 633, 111 Fed. 518; In re Soldosky (D. C.) 111 Fed. 511, 7 Am. Bankr. R. 123; Dickson v. Wyman, 4 Nat. Bankr. N. 49, 111 Fed. 726; Peterson v. Nash Bros., 4 Nat. Bankr. N. 76, 112 Fed. 311. These cases, of which the last two are decisions of the circuit courts of appeals of the First and Eighth circuits, respectively, sustain the position taken by the referee, while In re Oliver, 6 Am. Bankr. R. 626, 109 Fed. 784, is an opposing decision in the Western district of Missouri. The weight of authority seems to be in favor of the view so clearly stated in the report now before me, and I shall fol-

·low these decisions without further discussion; adopting the report of the referee, and agreeing with his conclusion that section 60, cl. "c," permits a set-off in behalf of a creditor who has been innocently preferred.

.The report of the referee is approved.