---

### In re SEAY et al.

(District Court, N. D. Georgia, W. D. March 7, 1902.)

BANKRUPTCY—PREFERENCES—WHAT CONSTITUTES

A payment on a note given by an insolvent to close up an existing account with a creditor, made within four months of the filing of his petition in bankruptcy, cannot be treated as a preference with respect to a new debt afterwards created by him with the same creditor, and need not be surrendered by the creditor; nor can it be treated as a set-off against the new debt, when he seeks to prove the latter in the bankruptcy proceedings.

In Bankruptcy.

Mayson, Hill & McGill, for claimants.
Slaton & Phillips, for trustee.

NEWMAN, District Judge. This matter is before the court on exceptions to the ruling of the referee. The facts are as follows: The claimants, S. Lowman & Co., presented a claim against the estate of the bankrupt for $1,955.75, represented by four notes, dated

August 20, 1901, and due November 11, 1901, December 10, 1901, January 10, 1902, and February 10, 1902, respectively; three of said notes being for $486.50 each, and one for $496.25. Upon the first of these notes there was a credit of $100, which amount was admitted to have been paid within four months of the adjudication. Claimants also presented an account for $1,763 for goods sold the bankrupts during September, 1901. It further appears that claimants held a note given by the bankrupts for $500, due September 4, 1901, which note was given some time during 1900, and was one of a series of notes which closed up their merchandise account for 1900. This note was paid on September 5, 1901. A petition in voluntary bankruptcy was filed November 28, 1901. The referee held that the payment of $100 on November 9, 1901, was a preference, and, being subsequent to the sale of any goods by Lowman & Co. to Seay Bros., should be returned before the claim could be allowed, which ruling was conceded to be correct. The referee further held that the payment of $500 on September 5, 1901, was likewise a preference, but on account of the fact that Lowman & Co. had sold and shipped to Seay Bros., subsequent to this payment, goods in an amount greater than $500, Lowman & Co. should be allowed to set off the payment of $500 against their account, and to prove their claim for the balance, $3,218.75. To this ruling of the referee the claimants except on the ground that the $500 was paid on a distinct and separate debt, and is not within section 57g of the bankruptcy act. This $500 note was the last of a series of notes given in 1900 for goods then purchased, and its payment closed that transaction completely. The firm of Lowman & Co. are not seeking to prove any part of that debt at all. They are proving another and distinct debt, created in August and September, 1901.

The question here presented was before the circuit court of appeals for the Second circuit in the case of In re Abraham Steers Lumber Co., 112 Fed. 406. In the opinion of the court, this is said on this subject:

"The case presents another question: The bankrupt was indebted to the creditor upon an open account, and, at a date more than four months previous to the filing of the petition, made a payment upon that account in money, and gave his note for the balance, which payment and note were treated by the creditor as full payment, and the account was balanced upon his books. The debtor was insolvent at the time, but the creditor had no reasonable cause to believe that a preference was intended. Subsequently the bankrupt contracted another debt with the creditor. The question is whether proof of that debt cannot be allowed without a surrender by the creditor of the payment received upon the previous debt. We are of the opinion that the payment notwithstanding it was a preference, being upon a distinct and independent debt from that which is sought to be proved, need not be surrendered by the creditor. We are also of the opinion that the payment cannot be treated as a set-off against the debt sought to be proved. We do not deem it necessary to enlarge upon the reasons for our conclusions in respect to these questions. These are fully discussed in the opinion by Judge Thomas, who decided the case in the court below, and we fully concur in his views."

Even if it is true, as contended by counsel for the trustee, that in this case, as shown in the decision by Judge Thomas in Re Abraham Steers Lumber Co. (D. C.) 110 Fed. 738, the facts are not entirely

like the facts here, the opinion of the circuit court of appeals is clear that a payment on one debt is not a preference, under section 57g, as to a distinct and separate debt. If in this case there had been a running account, purchases and payments from time to time, and no distinct closing up of the older debt, the question would be different, and the rule would probably not apply. Opposed to the view of this question taken by the circuit court of appeals for the Second circuit in the Abraham Steers Lumber Company Case, supra, is the case In re Conhaim, 97 Fed. 923, decided by Judge Hanford, of the district court for the district of Washington. He holds that "the prohibition contained in section 57g is not limited by the terms of the section to the particular debt or chose in action on account of which a preference has been received, but it refers to creditors who have received preferences, and provides that the claim of such creditors shall not be allowed, unless they shall surrender the preferences received," and then quotes from Loveland, Bankr. p. 257, in support of this view. In this case the account for merchandise sold in 1900 was closed up by notes, as in the Abraham Steers Lumber Co. Case. The last of those notes was paid on September 5, 1901. That debt was then extinguished. As to the claim which Lowman & Co. presented and sought to prove, they had received no preference, except the $100 which they surrendered.

Following the decision of the circuit court of appeals for the Second circuit, which has been referred to, I think the referee erred in requiring Lowman & Co. to deduct the $500 received by them in extinguishment of the old debt from the claim which they were seeking to prove. He was right, of course, in requiring payment of the $100, and in this they acquiesced. The referee is instructed to allow proof of claim without deducting the $500.