### In re MEYER.

#### (District Court, N. D. Texas. June 7, 1902.)

#### No. 41.

**1. BANKRUPTCY—PREFERENCES—PAYMENTS TO PLEDGEE.**

Payments made on a note by an insolvent within four months prior to his bankruptcy, to an indorsee, who holds the note as collateral security for a debt of the payee, are payments to the payee, and must be surrendered by him before he can prove a further indebtedness against the bankrupt's estate.

**2. SAME—SEPARATE CLAIMS—DEBTS SUBSEQUENTLY CONTRACTED.**

Where a note, which covered all the then existing indebtedness of the maker to the payee, remains the property of the latter when further indebtedness is contracted, its payment thereafter, in whole or in part, while the debtor is insolvent, and within four months prior to his bankruptcy, is a partial payment on the entire indebtedness, of which it is a part, and constitutes a preference, which must be surrendered before the subsequent debts can be proved against the estate of the debtor in bankruptcy.

In Bankruptcy. On certificate from referee.

G. N. Harrison, for claimant.

MEEK, District Judge. The referee certifies that E. M. Meyer was adjudged a voluntary bankrupt on his petition filed December 23, 1901; that the bankrupt, who had been a retail grocer, closed his account with Walshe & Co., wholesale grocers, from whom he made purchases, on the 1st day of July, 1901, by giving them his promissory note for $350, the same being dated July 1, 1901, and due October 15, 1901, and bearing 10 per cent. interest from date; that shortly after this note was given it was assigned as collateral by Walshe & Co. to Brooke Smith & Co. to secure their indebtedness to Brooke Smith & Co.; that after this settlement of July 1st the bankrupt continued to make purchases from Walshe & Co., and on November 9, 1901, he executed to them two other promissory notes, for $279.23 each, bearing 10 per cent. interest from date. These latter notes were given for indebtedness incurred subsequent to the closing of the account by the note of July 1, 1901. On November 9, 1901, the bankrupt paid $41.25 on the $350 note, and on November 21, 1901, he paid $150 on same. At the time these payments were made the note was still held by Brooke Smith & Co. as collateral security for the indebtedness of Walshe & Co., and the payments were made to

Brooke Smith & Co., and credited on Walshe & Co.'s indebtedness. The bankrupt was insolvent, within the meaning of the bankrupt act, at the time these partial payments were made. The $350 note was not tendered for proof either by Brooke Smith & Co. or by Walshe & Co. The claim tendered was based on the two notes for $279.23 each. The referee found that the account current between Walshe & Co. and the bankrupt was closed on July 1, 1901, and that the note executed by the bankrupt at that time was a separate and distinct debt from the two notes offered for proof before him. He held that Walshe & Co. could not prove their claim based upon the two notes last given until they had surrendered the preferential payments made on the $350 note, notwithstanding the last mentioned was given in extinguishment of an entirely separate and distinct indebtedness.

Walshe & Co. excepted to the ruling of the referee, and urge that the payments made by the bankrupt to Brooke Smith & Co. on the $350 note held by them as collateral to secure the indebtedness of Walshe & Co. could not be considered a preference received by Walshe & Co. It is also urged that where a creditor holds two separate and distinct debts against the estate of a bankrupt a payment on one of the debts, which is a preference as to it, does not prevent the proving of the other debt, upon which no payment has been made without a surrender of the payments on the first debt, the first debt not being tendered for proof or allowance.

Walshe & Co. transferred the bankrupt's note for $350 to Brooke Smith & Co. as collateral to secure an indebtedness of their own. By pledging this note for the payment of their debt, they did not surrender all their interest in it. While the note was held by Brooke Smith & Co. as collateral security, and while they might have collected it under certain conditions, yet, in event Walshe & Co. paid their indebtedness, Brooke Smith & Co. would be compelled to surrender this collateral note. Brooke Smith & Co. stood in the position of trustee for the beneficial interest of Walshe & Co. in the note, and could only deal with it according to the settled rules of the law merchant. The debt of Walshe & Co. was reduced by the payments made by the bankrupt to Brooke Smith & Co., and therefore Walshe & Co. enjoyed the fruits of such payments as much as if they had been made direct to them. It would be inequitable and unjust to other creditors to say that they had received nothing on the $350 note given them by the bankrupt. The referee was correct in holding that for all purposes of this proceeding the payments made on the note would be considered as having been received by Walshe & Co.

Section 60a of the bankruptcy act provides as follows:

"A person shall be deemed to have given a preference if, being insolvent, he * * * has made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class."

Section 57g of the act provides as follows:

"The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences."

The bankrupt's indebtedness to Walshe & Co. at the time of the filing of his voluntary petition was represented by three notes,—one for $350, dated July 1, 1901 (on which two partial payments had been made on November 9th and 21st, respectively); and two for $279.23 each, dated November 9, 1901. While the note for $350 was given to settle a prior, separate, and distinct indebtedness on the part of the bankrupt to Walshe & Co., yet at the time of bankruptcy a portion of this note was still owing, and constituted a portion of the whole debt owing by the bankrupt to Walshe & Co. To rule that a creditor could withhold from proof a note upon which he had received substantial partial payments, and present for allowance other obligations of indebtedness without a surrender of partial payments received, would be, in the judgment of the court, to ignore the plain import of the language above quoted from the bankruptcy act. While the authorities on this question are in confusion and conflict, yet the views entertained by the court are enunciated in several recently decided cases. In re Conhaim (D. C.) 97 Fed. 923; In re Bashline (D. C.) 109 Fed. 965; In re Abraham Steers Lumber Co. (D. C.) 110 Fed. 738. The contrary rule is announced in Re Seay (D. C.) 113 Fed. 969, and cases therein cited. After reading the published adjudicated cases, the writer is of the opinion that the conflicting views will not be harmonized until the supreme court speaks.

The action of the referee in refusing to allow the claim without a surrender of the preferences will be affirmed.