### In re JONES et al.

### Ex parte GUGGENHEIMER & CO.

(District Court, D. South Carolina. May 8, 1903.)

1. BANKRUPTCY—PROVABLE CLAIM—SURRENDER OF PREFERENCES.

   Where notes given by a debtor to close an account for goods were still held by the creditor and unpaid at the time a further indebtedness on account was contracted, both notes and account constituted the indebtedness then due, and a payment of the notes thereafter, when the debtor was insolvent, and within four months prior to his bankruptcy, constituted the giving of a preference, which must be surrendered before the account can be proved.

2. SAME—NEW CREDITS.

   Bankr. Act July 1, 1898, § 60c, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3446], allowing new credits to be set off against preferences received by the creditor, applies only to preferences recoverable under clause "b."

In Bankruptcy. On review of decision of referee respecting claim of Guggenheimer & Co.

N. W. Hardin, for Guggenheimer & Co.

Hall & Willis, for trustee and creditors.

BRAWLEY, District Judge. This is a petition for review of the order of G. W. Speer, Esq., referee, rejecting the claim of the above-named petitioners. Guggenheimer & Co. are importers and jobbers of dry goods, etc., in Lynchburg, Va., who, prior to January, 1902, had sold goods to the firm of Jones & Duff, the above-named bankrupts. The petition for the proof of the claim shows:

"That on February 19, 1902, the firm of Jones & Duff were indebted to Guggenheimer & Co. a balance on account for goods sold and delivered them in the sum of $1,092.80, and that on said date the account was closed and settled by six promissory notes of $184.79 each, which notes were due March 1st, March 20th, March 30th, April 10th, and April 20th, and were paid on or about the date of their maturity, and the account made on February 27, 1902, paid on May 12, 1902, and this old account closed on or about April 20, 1902, and there remained nothing due upon said claim after this date. That the old debt secured by the notes was fully paid, and transaction

closed, before the petition was filed in this cause, or before the firm of Jones & Duff were adjudged bankrupts, to wit, 22d day of July, 1902."

The account presented for proof contains one item of $5.55 for goods sold on February 27, 1902. The remainder of the account is for merchandise sold April 3d, April 4th, April 19th, April 26th, April 30th. The question for decision is whether the account for $1,092.80 shall be proved as a claim against the bankrupt estate without refunding the sum of $613.61, which was paid upon the notes above described within four months of the date of the adjudication in bankruptcy; the contention of the petitioners being that the payments on these notes were in liquidation of an old debt, separate and distinct from the indebtedness arising upon the open account, and upon first impression the contention seems reasonable, and to be supported by the authorities cited, to wit, In re Abram Steers Lumber Company, 7 Am. Bankr. Rep. 332, 112 Fed. 406; In re Seay, 7 Am. Bankr. Rep. 700, 113 Fed. 969; In re Champion, 7 Am. Bankr. Rep. 560; In re Jourdan, 7 Am. Bankr. Rep. 186, 111 Fed. 726.

In the case of Abram Steers Lumber Company the court says:

"The bankrupt was indebted to the creditor upon an open account, and at a date more than four months previous to the filing of the petition made a payment upon that account of money, and gave his note for the balance, which payment and note were treated by the creditor as full payment, and the account was balanced upon his books. The debtor was insolvent at the time, but the creditors had no reasonable cause to believe that preference was intended. Subsequently the bankrupt contracted another debt with the creditor. The question is whether proof of that debt cannot be allowed without a surrender by the creditor of the payment received upon the previous debt. We are of opinion that the payment, notwithstanding it was a preference, being upon a distinct and independent debt than that which is sought to be proved, need not be surrendered by the creditor. * * * We do not deem it necessary to enlarge upon the reasons for our conclusions in respect to these questions. These are fully discussed in the opinion of Judge Thomas, who decided the case in the court below, and we fully concur in his views."

In the opinion of Judge Thomas, thus referred to, reported in In re Abram Steers Lumber Co., 6 Am. Bankr. Rep. 316, 317, 110 Fed. 738, 743, he says:

"But it is considered that the referee erred in applying the note as a payment at the time that it was delivered, for it was not a payment, even if it may be deemed to have extended the time of the payment of the account. Had Sizer transferred the note without indorsement, or done some other act from which it might be inferred that the note was accepted or regarded as payment, a different rule might apply. After the giving of the note, and before its maturity and payment, to wit, on March 19, 1900, the bankrupt bought goods amounting to $357.80, so that at such date the bankrupt owed Sizer the note representing an account for goods sold, and the additional sum of $357.80. While the payment was distinctly on the note, and for the purpose of extinguishing it, yet it was partial payment of a portion of the whole amount of the indebtedness owing from the bankrupt to the creditor. Although the payment of the note was more than four months previous to the filing of the petition in bankruptcy, nevertheless it created a preference under 60a and 57g."

There is no proof here that the giving of notes was accepted as payment of the account then due. The notes remained in the hands of Guggenheimer & Co., and in the proof submitted Guggenheimer & Co. say, "And this old account closed by the said notes was fully

paid and transaction closed on or about April 20, 1902." This language seems to state the petitioners out of court, for it appears that they considered the notes and the open account, the greater part of which was for goods sold on April 3d and April 4th, as a part of the same indebtedness, of which part the old accounts closed by notes of February 19th was not "fully paid and transaction closed" until about April 20, 1902. I am of opinion that at the time when the sums of $613.61 were paid, which was within four months of the date of the adjudication in bankruptcy, Guggenheimer & Co. were creditors of Jones & Duff in an open account of about $1,000, and in part on the old account, evidenced by notes, of over $600, and that payment of the last-named amount was a preference under the bankrupt law. There is no reason to believe that at the time these payments were made there was any intention to give or to receive a preference, or that Guggenheimer & Co. had any knowledge of the insolvency of Jones & Duff. But the fundamental principle of the bankrupt act is that, when a person is unable to pay his debts, his property equitably belongs to his creditors, and should be distributed proportionately among them, because the assumption is that such estate represents goods and property which the debtor has obtained on credit from all of his creditors. The adjudication in bankruptcy is a judicial finding of the fact of insolvency, and any person who within four months prior to such date has received any payment upon his indebtedness cannot prove against the estate any claim if, during that period, he has received any payments which would give him a greater percentage of his debt than any other creditor of the same class, without surrendering such preference. This is the provision of section 60, Act July 1, 1898, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445], which is a part of the machinery provided by law to secure absolute equality among creditors. The equity of the creditors to a ratable distribution arises as soon as the debtor is insolvent, and there is a presumption of law that the condition of insolvency existed for four months prior to the adjudication in bankruptcy, and any payments made to a favored creditor within such four months, the effect of which is to give him a larger percentage of the estate, is forbidden. Any other result would contravene the fundamental principle of equality among creditors, which it is the design of the bankrupt law to secure.

The fourth assignment of error of the attorney for petitioners is in these words:

"Fourth. He erred (not waiving the positions contended for in paragraphs 1, 2, and 3 herein) when he did not allow the $613.61, whether innocently received by appellant herein or not, as preference to be credited upon or deducted from the new debt of $1,031.41 as a set-off, and allowed the claim offered for proof to have been proved for the balance of $417.80."

The referee had disallowed the claim of petitioners, because under section 57, cl. g, "the claims of creditors who have received preference shall not be allowed unless such creditors shall surrender their preferences," and the assignment of error brings up the question whether clause "c" of section 60 is applicable to the case now under consideration, which is in these words:

"If a creditor has been preferred and afterwards in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estates, the amount of such new credits, remaining unpaid at the time of the adjudication in bankruptcy, may be set off against the amount which would otherwise be recoverable from him."

To sustain this assignment would require the provisions of clause "c," § 60, to be read into clause "g," § 57. This clause "c" applies to cases wherein a creditor who has received a preference in circumstances which do not give him the option to retain it at his pleasure, but which require him to return it to the trustee, refused to do so, and the trustee is compelled to enforce the recovery thereof; and this right of set-off must be restricted to cases wherein the trustee recovers the amount of the preference from the creditor, receiving it under the provisions of clause "b" of section 60; and the law deems it equitable to limit the recovery against him to the net loss caused to the estate through the preference received by him, and the equities of other creditors are thus fully protected, because there is a net gain to the estate of the amount thus claimed, and the creditor can share ratably with other creditors. The reason for the adoption of this right of set-off in such cases does not exist in those cases wherein a creditor has innocently received a preferential payment, for in this class of cases the creditor is not compelled to repay preferences received. The law gives him the option of determining whether he will retain it without asking for another share in the estate, or whether he will surrender the preference, and share in the estate on an equality with the other creditors. The right of set-off, therefore, is not applicable to a case where the facts are as those now under consideration. The facts here, as disclosed by the deposition submitted in proof of the claim, are that within four months of the adjudication in bankruptcy Guggenheimer & Co. were creditors by open account in the sum of about $1,000, and by an old account, closed by notes, in the sum of about $600, making a total indebtedness of something over $1,600. By their own statement, "this old account closed by the said notes was fully paid and transaction closed on or about April 20th, 1902." In other words, they received upon their indebtedness of about $1,600, the amount of something over $600, within four months of the adjudication. The referee has ruled that they cannot prove their claim unless they surrender such preference, and it seems to me to be clear that he is right in such ruling; for, if the payment of $600 is more than the ratable share of the estate of the bankrupt that the petitioners would be entitled to receive, it would be inequitable to allow them to receive a dividend upon the amount of $417.80, which they claim the right to prove under the fourth assignment of error. To allow such proof would clearly prefer petitioners over the other creditors, and so they must be left to their election either to surrender the preference received and share equally with the other creditors, or to retain the amount of the preferential payment innocently received by them, and leave the rest of the estate for distribution among other creditors.

The order of the referee disallowing the proof of the claim is affirmed.