DUNN et al. v. GANS.

(Circuit Court of Appeals, Third Circuit. May 2, 1904.)

No. 9.

1. BANKRUPTCY—PREFERENCES—SURRENDER—STATUTES—CONSTRUCTION.

Bankr. Act, Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444], provides that the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences. *Held*, that such act should be construed as dealing with the creditors and not with their claims, so that where a creditor had received a preference he was not entitled to segregate the bankrupt's indebtedness according to the notes by which it was evidenced, and apply the preference in payment of some of the notes, and prove the others as separate claims against the bankrupt's estate, without surrendering such preference.

Appeal from District Court of the United States for the Eastern District of Pennsylvania.

Arthur B. Houseman, for appellants.
Julius C. Levi, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. On the 26th day of June, 1901, the firm of Dunn Bros., bankers, of Philadelphia, filed before the referee their

claim against the bankrupt estate of E. O. Thompson's Sons, upon two promissory notes for $2,500 each, the notes being dated January 2, 1901, and January 14, 1901, and made by the bankrupts to the order of Benjamin Thompson, and discounted by Dunn Bros. On the 2d day of July, 1902, the trustee of said bankrupts' estate, presented his petition to the referee in bankruptcy, representing that Dunn Bros., the said claimants, had received a preference from the bankrupts, within four months prior to the filing of the petition and when the said bankrupts were insolvent, and asking that the whole of said claim, as proved by said claimants, and set forth in the schedule, be disallowed and expunged, unless said claimants should surrender to the petitioner, as trustee, the preference received by said claimants, as thereinbefore set forth. The petitioner also prayed that an order be made and entered, requiring the claimants to show cause why they should not pay or surrender to petitioner, as trustee as aforesaid, the amount of said preference, so unlawfully received by them, as therein set forth in a certain schedule or exhibit, marked "Exhibit A," viz. :

Exhibit A.

Dunn Brothers.

Amount of claim filed............................................. $ 5,004 62
Amount of preferential payments.................................. 10,000 00

Dates and amounts of preferential payments are as follows:

1901.

January 21. To cash .................................. $5,000 00
April       2. To cash .................................. 2,500 00
April      15. To cash .................................. 2,500 00
                                                       ———————— $10,000 00

No one appearing on behalf of said claimants, this rule was made absolute. On the 20th of March, 1903, more than eight months thereafter, the said claimants filed their petition with the referee, averring that they had instructed their attorneys to take the proper legal proceedings to protect their rights and secure the proper recognition of their claim, and that they had no further notice or knowledge that their claim had not been reinstated, until a short time before the filing of their petition. Petitioners therefore prayed that, in view of the fact that there were just and legal reasons for the allowance of their claim, a rule should be granted upon the trustee, to show cause why the petitioners should not be allowed to file an answer, and show cause therein nunc pro tunc. Upon this petition, the referee, considering the merits of the case set forth by the petition, denied the prayer thereof, and, at the request of the petitioner, certified the matter for review to the District Court for the Eastern District of Pennsylvania. From the decree of that court, confirming the report of the referee, this appeal is taken.

Section 57g of the bankrupt act of 1898 is as follows: "The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3444]. The facts appearing from the record, and pertinent to the consideration of this appeal, are as follows: At the time of the making of the two promissory notes by the bankrupts, in favor of the appellants, for $2,500 each, to wit, on January 2, 1901, and January 14, 1901, said bankrupts were also indebted to said appellants in the sum of $10,000, making a total

indebtedness of $15,000 or upwards. On this indebtedness, the said bankrupts, after the giving of said promissory notes, which are the subject of the claim in this appeal, and within four months of the filing of the petition in bankruptcy, and when the said bankrupts were insolvent, made payments as follows: On January 21, 1901, $5,000, on April 2, 1901, $2,500, and on April 15, 1901, $2,500. There can be no question that these were preferential payments under the statute, and that they diminished, pro tanto, the estate of the bankrupts distributable to creditors. The contention of the appellants is, however, that the debt represented by the two notes of $2,500 each, and proved by them before the referee, were separate and distinct claims, upon which no preferential payments had been made; or, in other words, that the payments, aggregating $10,000 above stated, were payments in full, or in part, upon separate and independent claims, which they are not required to surrender by section 57g of the bankrupt act, before receiving allowance of their claim upon said unpaid promissory notes. In support of this proposition, they contend that this section of the bankrupt act of 1898 should not be given a meaning different from that of section 23, chapter 176, of the act of March 2, 1867, 14 Stat. 528, which provides that "any person who * * * has accepted any preference, having a reasonable cause to believe that the same was made or given by the debtor contrary to any provisions of the act of March 2nd, 1867, shall not prove the debt or claim on account of which the preference is made or given; nor shall he receive any dividend therefrom until he shall first surrender to the assignee all property, money, benefit or advantage received by him under such preference" and they therefore rely upon the decisions under the act of 1867 to support their contention here. In this, we cannot concur. If anything is needed to make clear the meaning of section 57g of the act of 1898, it is the difference between that section and the section dealing with a similar subject-matter in the act of 1867. The framers of the latter act must have had before them, and in their minds, the language of the section just quoted from the act of 1867, and the decisions thereon. If they had meant the same thing, it is presumed that they would have used the same or equivalent language. The words "shall not prove the debt or claim on account of which the preference is given," in the act of 1867, are omitted in that of 1898, and no equivalent phraseology is substituted therefor. In the language of Mr. Justice McKenna, delivering the opinion of the Supreme Court, in Pirie v. Chicago Title & Trust Co., 182 U. S. 448, 21 Sup. Ct. 906, 45 L. Ed. 1171, and discussing these very sections of the bankrupt acts of 1867 and 1898, "when the purpose of a prior law is continued, usually its words are, and an omission of the words implies an omission of the purpose."

We agree with the opinion of the court below, that section 57g of the act of 1898 concerns creditors, and not claims. The claim resting upon the two notes for $2,500 each, for which an allowance is here sought, was, at the time of their several dates, part of a larger indebtedness, however evidenced, upon which subsequently, within four months of filing the petition, and when the bankrupts were insolvent, the payment of $10,000 was made. The creditors have thus received a preference, within the meaning of the present bankrupt act, which

bars their right to have their claim allowed for the balance of the indebtedness, without a surrender of said preferential payments. The object and purpose of the bankrupt system, being to secure equality in distribution of the bankrupt's estate among his creditors, it would violate the spirit as well as the letter of the act, were we to allow the estate of an insolvent, within the short period mentioned in the act, prior to the inception of bankruptcy proceedings, to be diminished, by permitting a creditor, who has received payments out of the insolvent estate, to retain the same, and at the same time claim a dividend on the balance, in equality with other creditors not so favored. We do not think that any fair construction of section 57g, would permit a creditor of an insolvent debtor to escape the penalty imposed by that section for receiving a preference, by simply dividing the indebtedness into several amounts or parts, evidenced by several promissory notes. The decision of this court in the case of Gans v. Ellison et al., 114 Fed. 734, 52 C. C. A. 366, is not inconsistent with the view here taken. The case In re Abraham Steers Lumber Co., 112 Fed. 406, 50 C. C. A. 310, much relied upon by appellant, merely decides that "the payment by an insolvent debtor, of an existing debt, either in full or in part, does not constitute a preference as regards a new indebtedness contracted subsequently, to which the payment could have had no relation." It is not necessary to discuss, though we have carefully considered, all the cases cited, which bear upon the question before us.

The decree of the court below is affirmed.