### BROWN v. STREICHER.

(District Court, D. Rhode Island. March 10, 1910.)

No. 1,223.

BANKRUPTCY (§ 303*)—PREFERENCES—EVIDENCE.

In an action by a bankrupt's trustee against an indorser of the bankrupt's notes, alleged to have been paid by the bankrupt during four months prior to the adjudication on an involuntary petition, on the theory that such payments constituted an invalid preference, in that they relieved the indorser from liability, evidence *held* sufficient to sustain a finding that the bankrupt was insolvent when he paid the note, that the indorser had knowledge of his condition, and that the payments were made by his procurement and advice, that he might be relieved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 462; Dec. Dig. § 303.*]

At Law. Action by William J. Brown, as trustee in bankruptcy of the Lazarus & Griess Company, against Mark Streicher. On defendant's petition for a new trial and motion in arrest of judgment. Petition and motion denied.

Wm. J. Brown, for plaintiff.
J. J. Hahn and Thos. A. Carroll, for defendant.

BROWN, District Judge. The plaintiff is trustee in bankruptcy of the Lazarus & Griess Company, a corporation. The defendant Streicher was indorser upon notes of the bankrupt that were paid by the bankrupt during the period of four months prior to December 24, 1907, the date of adjudication upon the involuntary petition.

The action is based upon section 60, cls. "a", "b" of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), relating to preferences, and the plaintiff relies especially upon Kobusch v. Hand, 156 Fed. 660, 84 C. C. A. 372, 18 L. R. A. (N. S.) 660, and Landry, Tr., v. Andrews, 22 R. I. 597, 48 Atl. 1036, to support his contention that the above provisions of the bankruptcy act are applicable to an indorser of the bankrupt's paper.

Payment by the bankrupt of notes indorsed by the defendant to the amount of $8,182.02, whereby the defendant was relieved as an indorser, was proved to have been made within the four months period; this proof being principally admissions made by the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The principal questions upon the defendant's petition for a new trial relate to the sufficiency of the proof to show:

(1) The insolvency of the Lazarus & Griess Company at the time of the payment of the notes.

(2) Streicher's knowledge of the bankrupt's condition.

(3) That the payments were made by the procurement and advice of Streicher, in order that he might be relieved as indorser.

Although the testimony as contained in the stenographic report is in a very confused and unsatisfactory condition, owing in part to the very imperfect and improper bookkeeping of the bankrupt corporation and in part to the manner in which the plaintiff's proofs were presented, yet upon a review of the entire testimony I am of the opinion that each of these points was sufficiently proved.

An indebtedness to the amount of $62,655.60 is amply proved both by the plaintiff's testimony and by the defendant's, and upon the question of insolvency the only difficulty is as to assets. Griess, the treasurer, and Lazarus, both testified to the taking of an inventory some three or four weeks prior to the bankruptcy, which showed assets in excess of $70,000. Upon a consideration of the entire testimony of Lazarus and Griess, I am of the opinion that the jury was warranted in regarding it as exaggerated and most inaccurate. A rejection of their bare statement that $20,000 worth of old goods was carried over from the previous season was warranted by the testimony of Mr. Brown, the trustee, that the amount had previously been stated as from $10,-000 to $12,000; and a rejection of the statement that they had $28,000 of pledged goods was required by the proof that the actual amount was less than $14,000. A deduction of at least $22,000 or $23,000 upon these two items alone would show, instead of a favorable balance of upwards of $10,000, a deficit of a similar amount.

There were many circumstances relating to the evidence as to taking this inventory, as to the books from which it was derived and the method of taking it, which in my opinion would have warranted the jury in attaching to it very slight weight, or even in rejecting it. Moreover, there is other testimony considered at length upon the plaintiff's brief that warrants the conclusion that throughout the period of four months prior to the date of adjudication the corporation was in an insolvent condition. There is very strong evidence to show Streicher's intimate acquaintance with the affairs of the bankrupt. He conducted a business as a private banker, and the bankrupts kept an account with him. With the bankrupts he was engaged in extensive kiting of checks. He was the person employed to go to New York to secure an extension for the bankrupt, and there was evidence that through his procurement the bankrupt made extensive pledges of goods to secure loans at rates of interest of from 3 to 6 per cent. per month, by which funds were raised which were available for the taking up of at least a portion of the notes indorsed by the defendant, Streicher.

While the condition of the books of the bankrupts rendered it difficult, if not impossible, to present an exact and accurate account of

all its dealings with the defendant, Streicher, yet enough was shown as to particular transactions to justify the general findings which the jury must have made in order to reach their verdict. There is, in my opinion, no sufficient ground for granting the motion in arrest of judgment.

Petition for new trial denied; motion in arrest of judgment denied.