REBER v. SHULMAN et al.

(Circuit Court of Appeals, Third Circuit. November 26, 1910.)

No. 1,390.

BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCE—KNOWLEDGE OF INTENTION BY CREDITOR.

A preferential payment of notes by bankrupts cannot be recovered from an accommodation indorser of such notes under Bankruptcy Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), where there is no evidence to show that such indorser advised, or procured the payment, or even that he had knowledge of it until after it had been made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Action by J. Howard Reber, trustee of J. Stern & Sons, bankrupts, against Louis Shulman and Harry Shulman, partners, etc. Judgment (179 Fed. 574) for defendants, and plaintiff appeals. Affirmed.

Henry N. Wessel and Clinton O. Mayer, for appellant.
Samuel J. Gottesfeld, for appellees.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge. The firm of J. Stern & Sons were engaged in the manufacture of shirt waists in the city of Philadelphia, in the summer of 1908, and in the spring of 1909. While engaged in this business, they, between August 29, 1908, and January 18, 1909, borrowed from one Charles Nemcoff $7,400, upon 13 promissory notes made by them and indorsed for their accommodation by Louis Shulman & Bro., the appellees herein. A petition in bankruptcy was filed against the said firm of J. Stern & Sons, March 30, 1909, after which, an adjudication having been had, J. Howard Reber, the petitioner and appellant herein, was elected trustee of the estate of the said bankrupts. At the maturity of the above notes, and within four months of the bankruptcy of J. Stern & Sons, the notes were paid by J. Stern & Sons to Nemcoff, the holder thereof. Subsequently suit was brought by said trustee in bankruptcy to recover from Louis Shulman & Bro. the said sum of $7,400, with interest.

Among the allegations of the trustee's statement of claim are the following:

"That the payment of said moneys, and each of them, was in release and discharge of the obligations of the said J. Stern & Sons to the said Louis Shulman & Bro., who thereby became released as indorsers or makers of promissory notes or other obligations to the said amounts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

"That at the time said payments were made the said J. Stern & Sons were largely indebted to other creditors, and knew at the time that they were so indebted and unable to pay their creditors in full, and that said payments were made with the intent to prefer said defendants in violation of the act of Congress in such case made and provided, and said payments enabled the said defendants to obtain a greater percentage of their debt or obligation than any other creditors of the same class.

"Plaintiff avers that the said Louis Shulman & Bro. knew at that time, or had reasonable cause to believe and know, that the said J. Stern & Sons were insolvent, and that the payment of said money by them, the said J. Stern & Sons, was for the purpose of preferring said defendants as creditors of said bankrupt."

A trial of the matters in issue was subsequently on March 24, 1910, held. At the conclusion of the case the learned trial judge submitted the case to the jury, reserving, however, the question as to "whether there is any evidence to go to the jury in support of the plaintiff's claim." The jury found a verdict for the plaintiff; but the trial judge, upon motion after argument, entered judgment for the respondents non obstante veredicto on the point reserved.

Section 60a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]) provides that:

"A person shall be deemed to have given a preference if, being insolvent, he has within four months before the filing of the petition * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class."

Section 60b provides that:

"If a bankrupt shall have given a preference and the person receiving it or to be benefited thereby * * * shall have reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

It was admitted at the trial "that at the time the petition in bankruptcy was filed, and for four months prior thereto, the bankrupts, as a firm were insolvent." The questions remaining for consideration, therefore, are: First, whether the bankrupts intended to prefer the defendants; and, second, whether the defendants knew, or had reasonable cause to believe, that a preference was intended. These are vital points, and the determination of either of them against the trustee will result in upholding the judgment below. The record, notwithstanding it is somewhat voluminous, has been carefully examined for the purpose of ascertaining whether the proofs offered in behalf of the trustee, upon whom the burden of proof rested, were sufficient to support the verdict. Without referring to the evidence in detail, it is enough to say that we think that there was evidence sufficient to support the first point, but that we fail to find any in support of the second, to the effect that Shulman & Bro. knew, or had reasonable cause to believe, that it was intended by the bankrupts to prefer them when they paid Nemcoff the notes upon which Shulman & Bro. were contingently liable as indorsers. If we were to admit that Shulman & Bro. knew, or had reasonable cause to believe, that J. Stern & Sons were insolvent, of which, however, there is no satisfactory or suffi-

cient evidence—indeed, the evidence is rather to the contrary—we would still be confronted by the fact that there is a total absence of any evidence showing, or tending to show, that Shulman & Bro. had any knowledge whatever of the payment of the notes by J. Stern & Sons to Nemcoff until after they had been paid. Furthermore, we have not been pointed to, nor have we been able to discover, any evidence to show that Shulman & Bro. ever advised, counseled, or procured the payments in question, or that they had any authority or control over the bankrupts' affairs. Under these circumstances, how can it be argued with the slightest degree of plausibility that Shulman & Bro. had reasonable cause to believe that the payments made by the bankrupts to Nemcoff were intended to give the respondents a preference? It is impossible to argue such a proposition; once stated, it answers itself.

In Kobusch v. Hand, 156 Fed. 660, 84 C. C. A. 372, in Re Sanderson (D. C.) 149 Fed. 273, and in Brown v. Streicher (D. C.) 177 Fed. 473, the party benefited by the payment made by the bankrupt either had control of the bankrupt or requested him to make the payment, so that in every instance the party benefited by the payment not only had knowledge thereof, but actively participated therein. Possibly there might be found under this branch of this case some circumstances which might engender a suspicion; but we fail to find any upon which the verdict of the jury could satisfactorily be rested. It was therefore the plain duty of the judge to enter judgment for the respondents non obstante veredicto.

The judgment of the court below is affirmed, with costs.