WILLIAM LANDRY, Tr., *vs.* GEORGE W. ANDREWS.

PROVIDENCE—APRIL 26, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Bankruptcy.    Property.    Preferences.*

Section 60 (a) of the United States bankrupt act of 1898 provides that a person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property and the effect of the transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.    Section 60 (b) provides that if a bankrupt shall have given a preference within four months before the filing of a petition, and the person receiving it or to be benefited thereby shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person :—

*Held*, that a payment of money to a creditor who at the time had reasonable cause to believe that it was intended by such payment to give him a preference was within section 60 (a) and could be recovered under section 60 (b).

*Held*, further, that the payment of a note by the maker prior to his being adjudged a bankrupt, at the direction of the indorser, who had reasonable cause to believe that it was intended thereby to give him a preference, was a preference under section 60 (a) which could be recovered under section 60 (b).  *Landry* v. *Andrews*, 597.

ASSUMPSIT brought by a trustee in bankruptcy under section 60 (b) of the bankrupt act of 1898.   The sections of the act considered by the court are :

Section 60 (a)—"A person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property and the effect of the transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

Section 60 (b)—"If a bankrupt shall have given a preference within four months before the filing of a petition, and the person receiving it or to be benefited thereby shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

Heard on demurrer to declaration, and demurrer overruled.

STINESS, C. J.   The first count of the declaration sets out that the plaintiff is the trustee in bankruptcy of the firm of Carter & Baker ; that the defendant was a creditor of Baker in February, 1900, and that said Baker, with the knowledge of the defendant, withdrew and took from the funds of said firm the sum of five hundred dollars, which was received by the defendant ; that subsequently said Carter & Baker, being insolvent, were adjudged bankrupt and the plaintiff appointed trustee ; that the defendant had reasonable cause to believe that it was intended by such payment to give him a preference over other creditors, whereby an action hath accrued to the plaintiff under an act of congress, etc.

The second count alleges that the defendant, with Byron M. Young, had indorsed a note of said Carter & Baker, on

which there was due the sum of $2,800, which note was in the possession of the Providence National Bank of Woonsocket, and that said Carter & Baker transferred, assigned, and paid to said bank the amount due on said note, thereby discharging and paying said note and relieving the defendant from any liability to pay the same; and that the defendant, knowing said Carter & Baker to be insolvent, directed them to pay said note in order that he would be benefited thereby, having reasonable cause to believe that it was intended thereby to give him a preference over other creditors.

The defendant demurs to the declaration, and the fundamental argument in support of the demurrer is that a payment of money is not a transfer of property within the provisions of the bankrupt law.

(1) It is true that the bankrupt law does not specify money as a class of property. In section 60 (d) it even uses apparently distinguishing terms in the words "pay money or transfer property." Still, we cannot resist the conclusion that the word "property," as used in the law, was intended to include money. Property, in its various kinds, has value according to what it will bring in money. Money is the ultimate standard of the value of property. By the terms of the law all property is to be reduced to money. It would be a strange omission if property, such as real estate, shares of corporate stock, merchandise, and the like—which must be reduced to money by the trustee—is only embraced within the law, while money on hand, in the possession of the bankrupt, is not within it and so may be used contrary to the evident scope and purpose of the law. Section 70 relates to "Title to Property." Money is not mentioned, but would any one say that cash in bank, or safe, or drawer, or even in the bankrupt's possession, would not pass to the trustee? Again, clause (f) provides that upon confirmation of a composition offered by a bankrupt the title to his property shall thereupon revest in him. Suppose that prior to such confirmation the trustee had collected debts in the discharge of his trusts, could he retain the money because it is not property which is revested in the bankrupt? The word "property" is evidently used as a generic term, intended to

include money as the readiest and most valuable form of property, since it is the product of all kinds of property reduced to its standard of value. . If this is not so, then a bankrupt who could not transfer property to a creditor by way of preference could himself sell the property and transfer the proceeds in money with impunity. We do not see that the law can be so narrowly construed. Our opinion of the statute is confirmed by the decision of the Circuit Court of Appeals, seventh circuit, *In re Fort Wayne*, 99 Fed. Rep. 400 ; also by *In re Fixen*, 4 Am. Bankrupt Rep. 10.

The defendant refers to several cases in support of his position. *In re Fort Wayne*, 99 Fed. Rep. 400, does not support him because in that case it did not appear, as it does in this declaration, that the creditor received the money knowing that the debtor was insolvent. The court intimated that the trustee could not bring a suit, to recover back the money received without such knowledge, but held that it was still a preference which precluded the creditor from proving his claim without surrendering the preference. There is no intimation in the case that the trustee could not have recovered the money paid if the creditor had knowledge of the insolvency of his debtor. *In re Fixen* is to the same effect.

*Bevan* v. *Nunn*, 9 Bing. 107, and *Carr* v. *Burdiss*, 5 Tyrw. 312, held that as the English bankrupt act specified only goods and chattels, subsequently amended so as to include the payment of a debt, it did not include money. There was an evident difference between that act and our present law. *Wall* v. *Lakin*, 13 Met. 167, and *Cushman* v. *Libbey*, 15 Gray, 358, held that payment of a debt was not included within an "assignment, sale, transfer or conveyance, either absolute or conditional, of any part of his estate, real or personal," in the insolvency statute of 1841, because of the omission of the word "payments," used in the statute of 1838. The court thought that the word was designedly omitted, on account of the inconvenience it might cause in the ordinary course of business. These cases, therefore, depend upon the language of statutes different from that before us.

Assuming, then, for the reasons stated, that money is in-

cluded in the term "property," two questions arise : Is it within the meaning of a "transfer" when it is paid to a creditor upon his own debt or for his benefit, and, if so paid, can it be recovered by the trustee ? "

The word "transfer," as defined in the act, includes " the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or. security." If an insolvent debtor cannot part with goods in payment of a debt, there is no reason why he should be allowed to part with money for the same purpose. We refer now only to a payment made and received, as alleged in the declaration, with an intent to give a preference over other creditors. Whether a payment, made in the course of business to a creditor who had no reasonable cause to believe that it was so made, is within the law we are not called upon to decide. This question has arisen in several cases, with varying opinions. See *In re Fort Wayne, supra ; In re Fixen, supra ; In re Smoke,* 4 Am. Bk. Rep. 434 ; *In re Hall,* 4 Am. Bk. Rep. 671. These cases differ on the subject whether a payment to an insolvent's creditor in the ordinary course of business is a preference. They all imply that there can be no question, when the creditor knows the facts.

The first count in the declaration, being for a payment directly to the defendant with knowledge, states a case of preference, for which an action will lie under section 60 (b).

The second count alleges a payment to the bank upon a firm note on which the defendant was an indorser.

Under the bankrupt law of 1867 the same question arose in *Bartholow* v. *Bean,* 18 Wall. 635, and it was held that such a payment could be recovered by the assignee. So in *Ahl* v. *Thorner,* 3 Nat. Bk. Rep. 118, the same decision was given, upon the ground that the indorser was the party to be benefited by the payment. Both cases hold the payment to be a preference of the indorser. We see no reason to question the soundness of these opinions. If, then, a preference

is alleged, the bankrupt law, section 60 (b), gives to the trustee an express right of recovery.

The ground of demurrer that the declaration does not set forth that the debtors were insolvent is sufficiently answered by the averments of the declaration itself and the fact of the adjudication in bankruptcy.

The demurrers are overruled, and case remitted.

*John J. Heffernan,* for plaintiff.

*William G. Rich,* for defendant.