## In re WATERBURY FURNITURE CO.

(District Court, D. Connecticut. February 25, 1902.)

### No. 692.

BANKRUPTCY—PREFERENCES—PAYMENT ON NOTE HELD BY INDORSEE.

A payment made by an insolvent within four months prior to his bankruptcy to a bank, to apply on a note given by him to a solvent creditor, who had indorsed the same and sold it to the bank, constitutes a preference to such creditor, which must be surrendered, under Bankr. Act 1898, § 57g, before he can prove his claim against the bankrupt estate.

In Bankruptcy. On question certified by referee.

Josiah G. Beckwith, Jr., for petitioners.
Cooley & Bell, for Houghton & Fraser.
Bronson & Minor, for trustee.

TOWNSEND, District Judge. The certificate of the referee states the facts and question of law, with his ruling thereon, as follows:

"The petition of creditors in said case was filed in court on July 15, 1901, and the corporation was adjudicated bankrupt on August 2, 1901; having been insolvent for more than four months prior to the adjudication. On March 15, 1901, the bankrupt gave Houghton & Fraser a three-months note for $421.28; being a part of the balance then due from the bankrupt to said Houghton & Fraser. Houghton & Fraser had this note discounted in bank, and when the note became due, on June 15, 1901, sent to the bankrupt their check for $250, receiving a new note from the bankrupt therefor; and the bankrupt paid the note in bank on which Houghton & Fraser were indorsers. On May 1, 1901, Houghton & Fraser sold to the bankrupt goods to the amount of $30, which were not paid for. The question arises whether the payment of $171.28 (being the difference between the $250 advanced by Houghton & Fraser on June 15, 1901, and the $421.28 note in bank which had been discounted by Houghton & Fraser) should be considered as a preference, and charged against the dividend of Houghton & Fraser. The claim of Houghton & Fraser, as filed, was $369.02. The referee holds that the $171.28 should be returned, and, considering it as returned, allows the claim for dividend at $540.30, and charges $171.28 against the dividend, which sum will still leave a balance of dividend due Houghton & Fraser of about $30, and, at the request of Houghton & Fraser, the question of the correctness of this ruling is certified to the judge of the court for his opinion thereon.

"In Landry v. Andrews (supreme court of Rhode Island; April 26, 1901) 6 Am. Bankr. R. 281, 48 Atl. 1036, a note was paid by an insolvent at the request of the indorsers, who had reasonable cause to believe that it was intended thereby to give them the preference over other creditors. It was held that this payment was a preference, under section 60b, and the trustee recovered back the amount from the indorser. If Houghton & Fraser had been aware that the Waterbury Furniture Company was insolvent, the trustee could recover back the $171.28 from them. A distinction ought not to be made between the meaning of 'preference' under section 57g and section 60, unless absolutely necessary and in accordance with the general intent of the act. The note to Houghton & Fraser was given within four months of the commencement of the proceedings in bankruptcy. The payment made inured to the benefit of Houghton & Fraser as much as if it had been made directly to them. The objection is one of form, rather than of substance. To hold this payment not a preference, and at the same time hold direct payments to creditors as preferences, would be unjust to the other creditors. The ruling above is believed to be in accordance with the intent and spirit of the statute, and in the line of equity on which the decision in Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, was justified by the supreme court. The bankruptcy statute should be construed so as to promote equality among creditors."

It is not disputed that the facts and questions at issue are correctly stated. Under section 57g of the bankrupt act, if the bank had continued to hold the note, and had not proved the claim, Houghton & Fraser could have proved it. The payment was wholly for their benefit, and, as their solvency is not questioned, the bank had no interest in the payment. The provisions of section 60 have been repeatedly cited to aid in construing the term "preferences" in section 57g. See, for example, In re Soldosky, 7 Am. Bankr. R. 126, 111 Fed. 511; In re Dickson, 7 Am. Bankr. R. 190, 111 Fed. 726.

The decision of the referee is affirmed.