---

In re LYON.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

No. 60.

1. BANKRUPTCY—CREDITOR—PREFERENCE TO INDORSER OF CHECK.
    A creditor holding a check given by his debtor, who transfers the same to a bank by indorsement, remains a creditor, within the meaning of the bankruptcy act, and the payment of the check to the bank after the debtor's insolvency, and within four months prior to his bankruptcy, constitutes a preferential transfer of property to the indorser, under section 60a, c. 541, Act July 1, 1898, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443].

2. SAME—PREFERENCES—INDEPENDENT DEBTS.
    At the time a bankrupt became insolvent he owed a creditor a balance of account accruing prior to November, for which he had given a post dated check, and also an account accruing in December. Held, that the payment of the check thereafter constituted a preference, which affected the entire indebtedness, and not the payment of an independent debt, and that it must be surrendered to entitle the creditor to prove his account.

Petition to Review an Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York (114 Fed. 326), expunging the claim of petitioning creditors, unless they shall surrender the sum of $210.15, alleged to have been paid to them by the bankrupt when insolvent.

Stillman F. Kneeland, for petitioner.

Perry I. Trafford, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. This case, although it involves the question of preferential transfers of property, presents questions totally different from those discussed in Re Sagor, decided at this session, 121 Fed. 658. The relevant sections of the bankrupt act are:

"Sec. 57g, c. 541, Act July 1, 1898, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]. The claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences."

"Sec. 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

The facts are as follows: Batten & Co. were newspaper agents, who were in the habit of rendering monthly statements to the bankrupt, the work charged for each month being payable at the end of that month or the first of the following. On November 6, 1899, there was found to be due for advertising done for said bankrupt the sum of $1,888.61. The debtor thereupon gave to the creditor his check dated November 6th for $202.25, and on that day and subsequently several other post dated checks for similar amounts. Payment of these checks as they came due reduced the amount of this indebtedness by the end of December to $630.47. During December additional obligations to Batten & Co. were incurred for advertising, aggregating $546.02, and it is for this latter sum that claim has been filed. On January 2, 1900, the unpaid balance of $630.47 for advertising prior to November was provided for by delivering to the creditors three checks of the debtor, dated January 2d, January 8th, and January 20th respectively. It is this last check only which is the subject of controversy; the earlier ones were paid on or about their respective dates, but during the entire period the debtor was solvent. The final check was drawn to the order of Batten & Co. on the Astor Place Bank, where Lyon had an account, was post dated January 20, 1900, and called for $210.15. Batten & Co. held it till January 20th, and, on that day, in the ordinary course of business, duly indorsed and transferred the same to the National Shoe & Leather Bank, in which the firm had an account. On the following day the check was paid through the clearing house by the Astor Place Bank to the Shoe & Leather Bank, and the amount thereof charged by the Astor Place Bank against the account of the bankrupt. It was found by the

referee, and is not disputed, that Lyon became insolvent on January 20, 1900, and that the payment of the check was a preferential transfer of property, under section 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The District Judge held that the effect of the delivery of the check to the petitioners was to diminish the assets of the bankrupt when insolvent, to the detriment of its other creditors, and was therefore a payment when insolvent, and a payment directly for the benefit of the petitioners through the medium of its bank. Evidently the words "delivery of the check" should be "payment of the check," for delivery of the check was not made during insolvency.

The case may be best disposed of by considering the successive propositions advanced by the appellants.

It is contended that upon the transfer of the check to the Shoe & Leather Bank the title thereto passed to the bank, and that, therefore, the bank became the sole creditor of the maker for the amount. No doubt the title did thus pass; but it does not follow that Batten & Co., who became indorsers of the check, ceased to be creditors of the bankrupt, within the terms of the act. Section 1, subd. 9, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], provides that the word "creditor" shall include any one who owns a demand or claim provable in bankruptcy. Section 57i, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], provides for proof of claim by persons situated as indorsers are. The indorsers being solvent, it was immaterial to the bank whether Lyon's check was paid or not; payment of it was wholly for the benefit of Batten & Co. This whole question has been discussed exhaustively by the Circuit Court of Appeals, Eighth Circuit, in Swarts v. Siegel, 117 Fed. 13, reversing decision of the District Court in 114 Fed. 1001, and also decision of the District Court in Re Siegel-Hillman Dry Goods Co., 7 Am. Bankr. R. 351, 111 Fed. 980, and we concur in the opinion therein expressed, that "an indorser, an accommodation maker, or a surety on the obligation of a bankrupt, is a creditor, under the act of 1898, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], and a payment on such an obligation by the principal debtor while insolvent to the innocent holder of the contract, within four months before the filing of the petition for adjudication in bankruptcy, will constitute a preference which will debar the indorser, accommodation maker, or surety from the allowance of any claim in his favor against the estate of the bankrupt, unless the amount is first returned to that estate."

Appellant further contends that the payment of the former independent claim for ante November Bills was not a preference on the separate claim filed against the estate for the December bills. Reference is had to The Abraham Steers Lumber Co. (D. C.) 110 Fed. 738 (Judge Thomas), affirmed by this court 112 Fed. 406, 50 C. C. A. 310. In that case one Sizer on December 23, 1899, sold to the bankrupt merchandise of the value of $232.46, for which he received

| | |
|---|---|
| Jan. 24, 1900, cash.......................................... | $ 29 68 |
| Jan. 24, 1900, note, payable and paid April 23............... | 200 00 |
| Jan. 31, 1900, cash......................................... | 2 78 |
| | $232 46 |

At subsequent dates Sizer sold the bankrupt merchandise, as follows:

| | |
|---|---|
| March 10 | $357 80 |
| Aug. 16 | 20 62 |
| | $378 42 |

Judge Thomas held that if the note could be regarded as a payment at the date of its delivery, January 24th, the $232.46 need not be returned as a condition of proving debts arising on and after March 10th, for in such case the payments ending January 31st could have no relation to the subsequent account, since before the indebtedness of March 10th accrued the relation of debtor and creditor would have ceased. This court concurred, holding that "payment, notwithstanding it was a preference, being upon a distinct and independent debt from that which is sought to be proved, need not be surrendered by the creditor." Judge Thomas, however, further held that in the case before him it would be error to apply "the note as a payment at the time that it was delivered; for it was not a payment, even if it may be deemed to have extended the time of payment of the account.   *   *   * After the giving of the note and before its maturity (April 23d) and payment, to wit, on March 10th, the bankrupt bought goods amounting to $357.80, so that at such date the bankrupt owed Sizer the note representing an account for goods sold and the additional sum of $357.80. While the payment was distinctly on the note, and for the purpose of extinguishing it, yet it was a partial payment of a portion of the whole amount of the indebtedness owing from the bankrupt to the creditor." This court affirmed the District Judge, and expressed full concurrence in his views. In the case at bar the mere giving of the post-dated checks was not payment, certainly not such a payment of money as would constitute a transfer of property, within the language of section 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The transfer of property took place when funds of the estate were actually turned over to the holder of the check. At that time Lyon, being then insolvent, owed Batten & Co. $210.15 on account of ante November advertising, and $546.02 for December advertising. Under the rule approved in the Abraham Steers Case, the payment of the $210.15 must be considered not as the extinguishment of a wholly independent debt, but as a partial payment of the whole amount due.

The decree of the District Court is affirmed.