## KOBUSCH v. HAND.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1907.)

No. 2,479.

1. BANKRUPTCY—"CREDITORS"—SURETY OR INDORSER.

A surety or indorser for a bankrupt is a creditor within the meaning of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].

2. SAME—VOIDABLE PREFERENCE—PAYMENT FOR BENEFIT OF SURETY.

Where the president of a corporation was an indorser on its notes given to a bank, and with knowledge of its insolvency and within four months prior to its bankruptcy caused it to pay the notes with intent to relieve himself from liability and to secure an advantage over other creditors, a preference was given which may be recovered from him by the trustee under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1907, p. 1031].

In Error to the District Court of the United States for the Eastern District of Missouri.

B. Schnurmacher and William A. Kinnerk, for plaintiff in error.
Warren Hilton, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. The trustee in bankruptcy sued Kobusch to recover the amount of a voidable preference claimed to have been received from the bankrupt, and obtained judgment which this writ of error is brought to review. The bankrupt was a manufacturing company, and Kobusch was its president. It had executed to a bank four notes aggregating $4,800 upon which Kobusch was an indorser for its accommodation. Within four months of the filing of the petition in bankruptcy, and whilst the company was insolvent, he, as president, caused it to pay the notes to the bank. The trial court found from the evidence that, when the notes were paid, he had reasonable cause to believe his company was insolvent, that the payment was made with intent on the part of the company to give a preference, and that he, Kobusch, intended to secure such preference. The question is whether Kobusch received such a preference as may be recovered from him under the preference clauses of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1907, p. 1031].

There is no doubt that, as abstractly defined by section 60a, a preference was given by the bankrupt. Nor in view of the findings of the trial court, which are not disturbed by the contents of the bill of exceptions, is there doubt that Kobusch was benefited by being discharged from his obligation to the bank as surety or indorser upon the notes of the bankrupt. Section 60b provides:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall

be voidable by the trustee, and he may recover the property or its value from such person."

There is a significant resemblance between the language of this section and that of the corresponding sections of Act March 2, 1867, c. 176, 14 Stat. 517. Section 35 (page 534) of the act of 1867 provided that if any person insolvent or in contemplation of insolvency, within the period limited, with a view to giving a preference to any creditor or person having a claim against him, or who is under any liability for him, makes any payment, etc., the same shall be void and the assignee may recover the property or the value of it from the person so receiving it or so to be benefited. Section 39 (page 536) of the same act also provided for the recovery of preferences given to persons under liability for the bankrupt "as indorsers, bail, sureties or otherwise." It is quite clear that in passing the existing act Congress intended to adopt the substance of the prior provisions upon this subject, and in doing so to employ terms more concise, but equally as comprehensive. The act of 1867 was construed in Bartholow v. Bean, 18 Wall. 635, 21 L. Ed. 866. In that case the bankrupts when insolvent paid their note, indorsed by one Wilcox, which they had discounted with their bankers. Shortly afterwards bankruptcy proceedings were instituted, and the assignee who was appointed sued the bankers, not Wilcox, the indorser, to recover the payment as a voidable preference. In treating of the relation to the case of the fact that the indorser was solvent and the right of the bankers to refuse payment from the bankrupts without danger of losing their claim upon the indorser, the court said:

"The statute in express terms forbids such preference, not only to an ordinary creditor of the bankrupt, but to any person who is under any liability for him; and it not only forbids payment, but it forbids any transfer or pledge of property as security to indemnify such persons. It is therefore very evident that the statute did not intend to place an indorser or other surety in any better position in this regard than the principal creditor, and that, if the payment in the case before us had been made to the indorser, it would have been recoverable by the assignee. If the indorser had paid the note, as he was legally bound to do, when it fell due, or at any time afterwards, and then received the amount of the bankrupt, it could certainly have been recovered of him. Or if the money had been paid to him directly, instead of the holder of the note, it could have been recovered, or if the money or other property had been placed in his hand to meet the note or to secure him, instead of paying it to the bankers, he would have been liable."

If Wilcox, like Kobusch in the case before us, had occupied a position of power and control over the affairs of the bankrupts with authority to direct their business acts, and by virtue thereof had caused the preferential payment to be made to the holders of the note with intent to relieve himself from liability, it is difficult to perceive how he could have escaped liability under the statute as so construed. Landry v. Andrews, 22 R. I. 597, 48 Atl. 1036, arose under the present act. Andrews had indorsed a note of the bankrupts given to a bank. Within four months of the commencement of the bankruptcy proceedings, and when insolvent, the bankrupts paid to the bank the amount of the note, thereby discharging it and relieving Andrews from liability. Andrews, with knowledge of the insolvency

of the bankrupts, directed them to pay the note in order that he would be benefited, and, when the payment was made, he had reasonable cause to believe that it was intended thereby to give him a preference over other creditors. The trustee sued Andrews to recover the preference. The Supreme Court of Rhode Island held that the declaration which exhibited the foregoing facts was sufficient to entitle the trustee to recover. The case is like the one at bar in all substantial particulars.

It is contended that no one but a creditor can receive a preference, and that an indorser or surety is not a creditor. But is it true that an indorser or surety is not a creditor within the meaning of the bankruptcy act? The contrary was held in Swarts v. Siegel, 117 Fed. 13, 54 C. C. A. 399. Siegel & Bro. were accommodation indorsers upon the notes of the bankrupts given to a bank. Within the four months before the bankruptcy proceedings, and when insolvent, the bankrupts made partial payments on the notes. After the adjudication and selection of a trustee, Siegel & Bro., having paid to the bank the balance due on the notes, presented claim for allowance. We held that their claim should not be allowed until they had surrendered the preference received by the bank, one of the grounds being that their relation as sureties to the bankrupts constituted them creditors. It was said:

"An indorser, an accommodation maker, or a surety on the obligation of a bankrupt is a creditor under the act of 1898, and a payment on such an obligation by the principal debtor while insolvent to the innocent holder of the contract within four months before the filing of the petition for adjudication in bankruptcy will constitute a preference which will debar the indorser, accommodation maker, or surety from the allowance of any claim in his favor against the estate of the bankrupt unless the amount so paid is first returned to that estate."

It is almost an imperceptible step in advance of this decision, but a logical and reasonable one, to say that where the surety is the president of the bankrupt, and with knowledge of its insolvency directs the payment to the holder of the obligation with intent to relieve himself from liability and to secure an advantage over other creditors, a preference arises which may be recovered from him by the trustee.

The judgment is affirmed.