### In re W. A. SILVERNAIL CO.

(District Court, D. Kansas, Second Division. July, 1914.)

1. BANKRUPTCY (§ 165*)—CREDITORS ENTITLED TO PROVE CLAIMS—EFFECT OF PREFERENCE.

Where, within four months before the institution of bankruptcy proceedings, a corporation, being then insolvent, paid a note on which its treasurer was a guarantor, the treasurer received a preference, precluding him from proving another claim, unless he returned the preferential payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

2. BANKRUPTCY (§ 303*)—PREFERENCES—KNOWLEDGE OF INSOLVENCY.

The treasurer of a corporation, to whom it made a preferential payment while insolvent, will be presumed to have known its true financial condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

In Bankruptcy. In the matter of the W. A. Silvernail Company, bankrupt. On certificate of the referee to review an order disallowing a claim of one Waterhouse. Order affirmed.

E. L. Foulke, C. A. Matson, and Jesse D. Wall, all of Wichita, Kan., for trustee.

Paul Brown and Silas Brown, both of Wichita, Kan., for claimant.

POLLOCK, District Judge. [1] The bankrupt corporation owed a promissory note of $3,000 to the Fourth National Bank of Wichita, on which the sum of $500 had been paid. The claimant, Waterhouse, was a guarantor on this note, and after the institution of the proceedings in bankruptcy he paid the same, and, as the bank could have proven it as a demand in the bankruptcy proceedings, claimant will be entitled to do the same, unless prevented from so doing on other grounds presently to be mentioned.

The ground on which the demand is resisted by the trustee arises out of the fact that the bankrupt company had made a note for $2,500 to one Samuel Rosenthal, on which claimant, Waterhouse, and W. A. Silvernail, president of the bankrupt company, were guarantors. This note came into the hands of Strauss Bros. and was paid, principal and interest, aggregating $2,650, February 20, 1913, by the bankrupt com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany, and this claimant, Waterhouse, was relieved from his obligation as guarantor on the note.

As this payment was made within four months next preceding the institution of the bankruptcy proceedings, and as at the time such payment was made Waterhouse was treasurer of the bankrupt company, and as it is contended by the trustee the bankrupt company at this time was insolvent, and known to so be by the claimant, Waterhouse, its treasurer, he thus received a preferential payment which must be returned by him as a condition to his being permitted to prove his demand based on the balance of the $3,000 note by him paid to the Fourth National Bank of Wichita.

[2] The order of the referee so found and held. That the now bankrupt company was insolvent on February 20, 1913, at the time the note of Strauss Bros. was paid by it, seems quite apparent from the proof in the case. As Waterhouse was its treasurer at this time, he is presumed to have known its true financial condition. Walters v. Zimmerman (D. C., Ohio) 30 Am. Bankr. Rep. 776, 208 Fed. 62. In fact, he must have known quite accurately its true financial condition at this time, from reports which he received from the company, although the bankrupt was doing business in Wichita, in this state, and its treasurer, Waterhouse, resided in the state of Massachusetts. In so far as payments were made by the bankrupt of debts on which he was obligated, when it was insolvent, it seems from the authorities, in so far as he is concerned the same must be held preferential in character. Swarts v. Fourth National Bank of St. Louis (C. C. A., 8th Cir.) 8 Am. Bankr. Rep. 673, 117 Fed. 1, 54 C. C. A. 387; Swarts v. Siegel (C. C. A., 8th Cir.) 8 Am. Bankr. Rep. 689, 117 Fed. 13, 54 C. C. A. 339; Kobusch v. Hand (C. C. A., 8th Cir.) 19 Am. Bankr. Rep. 379, 156 Fed. 660, 84 C. C. A. 372, 18 L. R. A. (N. S.) 660.

It follows the order of the referee in refusing the allowance of the demand of Waterhouse, based on the $3,000 note by him paid to the Fourth National Bank of Wichita, unless the preferential payment by the bankrupt of the promissory note to Strauss Bros., on which claimant was guarantor, is returned, is correct, and, being correct, must be affirmed and approved.

It is so ordered.