### SMITH v. TOSTEVIN.

(Circuit Court of Appeals, Second Circuit. December 13, 1917.)

No. 52.

1. BANKRUPTCY ☞165(1)—PREFERENCES—WHAT ARE.

The bankrupt borrowed a sum of money from the defendant bank, pledging as security shares of corporate stock, property of his wife, delivered for that purpose by her. Becoming aware of his insolvency and with the privity of his wife, the bankrupt paid the bank its loan and received back the stock, which on the same day he delivered to his wife. Petition in bankruptcy was filed against him within a week, and the trustee attacked the transaction on the ground that the payment to the bank was in fact a preference to the wife, voidable under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1916, § 9644), being within four months of the petition. *Held* that, if wife had been a surety for the loan, the payment to the bank would have been preferential as to her, because relieving her of liability, and hence, though the pledge was a bailment, nevertheless the transaction was preferential as to the wife, for, having pledged the stock, the bankrupt's wife was entitled to exoneration by him to the extent her property was pledged.

2. SUBROGATION ☞7(1)—ALLOWING ANOTHER TO PLEDGE PROPERTY.

In general, one who delivers property to another, allowing him to pledge it to a third person for his debt, has the rights of a surety, and is, if the pledge be sold, entitled to subrogation to the status of the creditor.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by Richard O. Smith, as trustee in bankruptcy of Clifford Le P. Tostevin, against Rose H. Tostevin and others. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Appeal from a final decree dismissing a bill in equity upon its face for insufficiency. The substantial allegations of the bill were as follows: On September 22, 1916, one Tostevin borrowed of the defendant bank $3,600 and pledged as security 13 shares of corporate stock, the property of his wife, given for that purpose by her. On November 9th, being aware of his insolvency and with the privity of his wife, Tostevin paid the bank its loan and received back the stock, which on the same day he delivered to his wife, the other defendant. Petition was filed against him on November 15, 1916, and the plaintiff is his trustee in bankruptcy. The theory of the suit is that the payment to the bank was in fact a preference as to the wife, which, being within four months of petition filed, is voidable under section 60b of the Bankruptcy Act. The decree was granted upon the theory that the stock had only been bailed to the bankrupt, and that after its redemption he might return it to the bailor.

Jacob S. Gross, of Binghamton, N. Y., for appellant.
George Edwin Joseph, of New York City, for respondent.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). [1, 2] If Rose Tostevin, the wife, had been a surety for the loan, it is settled that the payment would have been a preference under section 60b. Swartz v. Siegel, 117 Fed. 13, 54 C. C. A. 399; Re Lyon, 121 Fed. 723, 58 C. C. A. 143. Before insolvency the surety, by payment of the debt, gets through subrogation the status of a transferee, and that status protects him from loss. After insolvency, while he is, of course, still subrogated, his subrogation will not protect him. He must pay without recourse, and he loses to the extent of the insolvency. A payment to the creditor discharges him, therefore, precisely as though made directly to him. Hence it was inevitable that such a payment should be held a preference, whether made to the innocent creditor or to the surety; the effect was identical, whichever course was chosen.

If we now substitute a pledger of property upon the debt of another in the place of a surety, precisely the same situation arises. The pledger will be entitled to exoneration against the principal. Robinson v. Gee, 1 Vesey, Sr., 251. If the pledge be sold, he is entitled through subrogation to the status of the principal, and upon insolvency he is certain to suffer a loss, measured by the extent of the insolvency. To the extent of the pledge he is the creditor, as much as though he had already discharged his property and taken an assignment of the claim. A payment to the creditor discharging the pledge is therefore a payment upon a claim upon which the pledger cannot collect; his loss is equally relieved whether it is made to the pledgee or to him. The analogy is therefore perfect, and the same principle should apply to each case. It has in general been held that such a pledger has all the rights of a surety. Dibble v. Richardson, 171 N. Y. 131, 63 N. E. 829; Bank of Albion v. Burns, 46 N. Y. 170; Price v. Dime Savings Bank, 124 Ill. 317, 15 N. E. 754, 7 Am. St. Rep. 367;

Rowan v. Sharps' Rifle Mfg. Co., 33 Conn. 1, 21–24. If so, he must be subject to his disabilities.

The defendant's point is good, so far as it goes, that the delivery was a bailment; but it does not touch the important features of the situation. It was a bailment; but something more; it gave the bankrupt the right to subject the property to the hazards of his own credit which a bailment does not do. When those hazards turned against the pledgor by the bankrupt's insolvency, she became subject to the limitations of all those who had assumed the chance; i. e., that what remained of his property should be subject to a trust for equal distribution. It made no difference in that aspect that the hazard was of the bankrupt's ability to redeem the pledge rather than to redeem any other of his promises. Only in case he succeeded in performing that promise could the parties resume the relation of simple bailor or bailee. This suit attacks, not the redelivery of the property bailed, which, taken alone, would have been innocent, but the necessary payment out of the bankrupt's own estate, which was a condition upon his power to redeliver. He had no right to prefer any one of all those who had parted with their property upon the equal chance that his projects might miscarry and his performances fail.

Decree reversed, and cause remanded for trial.