## COHEN v. GOLDMAN.

(Circuit Court of Appeals, First Circuit.   April 16, 1918.)

### No. 1333.

1. BANKRUPTCY ⬤=159—"CREDITOR"—INDORSERS.

A surety or indorser on the notes of a bankrupt is a "creditor," within the meaning of Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

2. BANKRUPTCY ⬤=302(1)—SUIT BY TRUSTEE TO RECOVER PREFERENCE—SUFFICIENCY OF BILL.

In a suit by a trustee to recover as a preference payments made by a bankrupt within four months, and when insolvent, from an indorser alleged to have been benefited thereby, under Bankruptcy Act, § 60b, since its amendment by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (Comp. St. 1916, § 9644), which provides that property so transferred or its value shall be recoverable if "the person * * * to be benefited thereby * * * shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference," it is not necessary for complainant to allege or prove the intent of the bankrupt in making the payments, and an allegation which follows the language of the act is sufficient.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Suit in equity by George I. Cohen, trustee in bankruptcy of Israel Sternburg, against Lew Goldman. Decree dismissing bill, and complainant appeals. Reversed.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal by George I. Cohen, trustee in bankruptcy of Israel Sternburg, from a final decree of the District Court of Massachusetts, dismissing his bill in equity brought against the appellee to recover the sum of $1,550, paid by the bankrupt within four months before the filing of the petition in bankruptcy against him, to the holders of certain promissory notes upon which the appellee was an accommodation indorser, and also the sum of $123; but the bill does not state to whom the payment of the several amounts which make up the latter sum was made, nor does it allege that the appellee was benefited by their payment.

The plaintiff in his bill alleged the bankruptcy of Sternburg, the appointment of the appellant as trustee in bankruptcy and his qualifi-

cation, the execution of the notes by the bankrupt, that the appellee was an accommodation indorser on them, that within four months of the date of bankruptcy the bankrupt, being insolvent, paid said notes, amounting to $1,550, that the effect of said payments was to enable the defendant to obtain a greater percentage of his debt than any other creditors of the same class, and that the defendant, at the date of said payments and for some time previous thereto, had reasonable cause to believe that said payments would effect a preference. Upon the appellee's motion the bill was dismissed by the learned District Judge for the following reasons:

"It is not alleged that the defendant induced or controlled Sternburg's action, nor that he advised or procured the payments to be made, nor even that he knew that they were to be made. The bankrupt may, upon the allegations in the bill, have acted entirely on his own initiative, without informing or consulting the defendant. There is no allegation that the defendant knew or had reasonable cause to believe that a preference to him was intended by Sternburg in paying the notes."

[1] The law is well settled that a surety or indorser is a creditor, within the meaning of the Bankruptcy Act. Stern v. Paper (D. C.) 183 Fed. 228, 231; Kobusch v. Hand, 156 Fed. 660, 84 C. C. A. 372; Swarts v. Fourth National Bank, 117 Fed. 1, 54 C. C. A. 387; National Bank of Newport v. National Herkimer County Bank, 225 U. S. 178, 32 Sup. Ct. 633, 56 L. Ed. 1042; Landry v. Andrews, 22 R. I. 597, 48 Atl. 1036; Bartholow v. Bean, 12 Wall. 635, 2 L. Ed. 866; 1 Loveland on Bankruptcy, p. 989.

[2] The question raised by the appeal is therefore whether the allegations in the bill are sufficient to entitle the appellant, as trustee, to recover under section 60b, Act of July 1, 1898, c. 541, as amended Act Feb. 5, 1903, c. 487, § 13, and Act June 25, 1910, c. 412, § 11 (Comp. St. 1916, § 9644), the provisions of which, so far as applicable to the facts in this case, are as follows:

"If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of transfer * * * and being within four months before the filing of the petition in bankruptcy * * * the bankrupt being insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

A preference is defined in section 60a of the same act as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

The bill contains all the allegations necessary in an action brought by a trustee under section 60b, provided the last allegation in it is sufficient. This allegation is identical with that stated to be necessary in 2 Loveland on Bankruptcy, p. 1061.

Previous to the amendment of June 25, 1910, it was necessary, to entitle the trustee to recover under this section, that he should allege and prove, in addition to other facts, that the person receiving the transfer "or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference." But since the amendment the intent of the bankrupt in making the transfer is immaterial, and it is necessary to allege and prove that one who receives or is benefited by such transfer had reasonable cause to believe that it "would effect a preference." Golden Hill Distilling Co. v. Logue, 243 Fed. 342, 347, 156 C. C. A. 122; Hewett v. Boston Strawboard Co., 214 Mass. 260, 101 N. E. 424; Wilson v. Mitchell-Woodbury Co., 214 Mass. 514, 102 N. E. 119; Rogers v. American Halibut Co., 216 Mass. 227, 103 N. E. 689; Rubenstein v. Lottow, 223 Mass. 227, 231, 111 N. E. 973.

Because of the great difficulty in procuring evidence of knowledge of the intent with which a transfer was made by the debtor, shown by the large number of reported cases, Congress, by the amendment of 1910, substituted reasonable cause for belief in the effect of a transfer for reasonable cause for belief in the intent with which the transfer was made. But even under the section as it stood before amendment we do not find any case in which it has been held that a general allegation that the defendant had reasonable cause to believe that a preference to him was intended was insufficient.

We think the general allegation, "that the defendant at the date of said payments, and for some time previous thereto, had reasonable cause to believe that said payments would effect a preference," is sufficient. It follows the language of the act, and under it the appellant can introduce evidence of all facts and circumstances which would tend to show reasonable cause for belief on the part of the appellee that the alleged payments would effect a preference, including that held necessary in Butterfield v. Woodman, 223 Fed. 956, 961, 139 C. C. A. 436.

It is not necessary to allege the facts upon which the appellant relies to show reasonable cause for this belief, such as that the defendant procured the payments to be made, or that he had actual knowledge that they were made; for the allegation that, at the date of the payments, he had reasonable cause to believe such payments would effect a preference, naturally implies that he then knew such payments were being made, as he could not be said to have reasonable cause to believe that they would effect a preference, unless he knew they were being made and that the debtor was insolvent.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant to recover his costs of appeal.