W. E. Patrick, Trustee, Appellant, v. Delina White, Appellee.

BANKRUPTCY: Preferences—"Surety" as Creditor. The act of a
1. surety for an insolvent in receiving, within four months of the filing of a petition in bankruptcy, property of the insolvent, and paying the agreed value thereof *on the surety obligation,* constitutes a voidable preference, within the meaning of the Federal Bankruptcy Act.

BANKRUPTCY: Preferences—Nonfraudulent Intent. A fraudulent in-
2. tent is not necessarily an element of a voidable 4-months preference under the Federal Bankruptcy Act.

Headnote 1: 7 C. J. p. 162. Headnote 2: 7 C. J. p. 155.

Headnote 1: 3 R. C. L. 274. Headnote 2: 3 R. C. L. 272.

*Appeal from Poweshiek District Court.*—H. F. Wagner, Judge.

March 8, 1927.

Action by a trustee in bankruptcy, to set aside, as preferential under the Federal Bankruptcy Act, a transfer of the bankrupt's property. From a judgment dismissing the petition the plaintiff appeals.—*Reversed.*

*Don E. Neiman* and *J. L. Thomas,* for appellant.

*John H. Patton,* for appellee.

Vermilion, J.—Lloyd L. Hurdle was engaged in the furniture and undertaking business in the town of Kellogg. On a petition in involuntary bankruptcy, filed January 17, 1924, he was duly adjudged a bankrupt, and the appellant was appointed trustee of the bankrupt estate. The appellee was a co-maker with Hurdle upon a note for $7,500, payable to the Burton & Co. State Bank. As between herself and Hurdle, appellee was a surety on the

note. On January 12, 1924, Hurdle executed and delivered to appellee a bill of sale, upon a stated consideration of $2,300, for three motor vehicles, and gave to her his note for $700. On the same day, appellee, by check on her account at the bank, paid $3,000 on the note held by the bank. This was done in pursuance of an express agreement between appellee and the bankrupt. The appellant trustee seeks to set aside the transfer of the motor vehicles to appellee as a voidable preference, under the provisions of Section 60 (a and b) of the National Bankruptcy Act. That section, so far as material, is as follows:

"a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, * * * made a transfer of any of his property, and the effect of * * * such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. * * *

"b. If a bankrupt shall * * * have made a transfer of any of his property, and if, at the time of the transfer, * * * and being within four months before the filing of the petition in bankruptcy * * * the bankrupt be insolvent and the * * * transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that * * * such * * * transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. * * *"

I. Appellee contends that, since she was but an accommodation maker or surety upon the note upon which the payment was made, she was not the creditor of the bankrupt, within the meaning of the above provisions of the Bankruptcy Act, and consequently the transaction was not a voidable preference.

It has been repeatedly held that an accommodation maker, an indorser or surety on the obligation of a bankrupt, is such a creditor as that a payment made by the bankrupt on the debt at his instance, when the bankrupt is insolvent, and within four months of the filing of the petition in bankruptcy, may be a voidable preference to him, and recoverable from him. *Swarts v. Siegel,* 54 C. C. A. 399 (117 Fed. 13); *Kobusch v. Hand,* 84 C. C. A. 372 (156 Fed. 660, 18 L. R. A. [N. S.] 660); *Paper v. Stern,* 117 C. C. A. 346 (198 Fed. 642); *Smith v. Coury,* 247

Fed., 168; *Smith v. Tostevin*, 159 C. C. A. 320 (247 Fed. 102);
*Chapman v. Hunt*, 248 Fed. 160; *Cohen v. Goldman*, 162 C. C.
A. 615 (250 Fed. 599); *Watchmaker v. Barnes*, 170 C. C. A. 583
(259 Fed. 783); *Walker v. Wilkinson*, 3 Fed. (2d Series) 867.
See 2 Collier on Bankruptcy (12th Ed.) 899.

The principle so announced is clearly applicable here. The
appellee received a transfer of the property of the bankrupt
upon an agreement to pay the agreed value thereof upon a debt
of the bankrupt's for which she was liable. When she so re-
ceived the bankrupt's property, it was the bankrupt's money,
to the extent of the value of the property, that she applied on
the debt. This was nothing more, in effect, than a payment, to
that extent, by the bankrupt upon the debt to the bank at her
instance. The bankrupt's estate was diminished by the value
of the property transferred. While she was absolutely liable to
the bank for the full amount of the debt, neither the bank nor
she, after paying the debt, could have received from the bank-
rupt estate more than the dividend paid in the bankruptcy pro-
ceedings. To the extent of the value of the property transferred
to her, she received, and was benefited by, a preference over other
creditors. This results, not from the fact that she purchased
the bankrupt's property for a present consideration, but be-
cause she did so upon the express agreement that the considera-
tion going to the bankrupt for the property should be applied
on the bankrupt's debt for which she was liable; and it was so
applied.

Counsel for appellee relies strongly upon the case of *Clarke
v. Rogers*, 228 U. S. 534 (57 L. Ed. 953). In that case a trustee
embezzled trust funds in his hands. Within four months of his
bankruptcy, and while insolvent, he made good the amount of
the embezzlement out of his private funds. It was held that the
claim was provable in bankruptcy, and that the transaction
amounted to a voidable preference. No question of the relation
of a surety was involved.

In *Kobusch v. Hand*, supra, the president of a corporation
was liable as indorser on its notes, and caused the corporation to
pay the notes while insolvent, and within four months of the
institution of bankruptcy proceedings against it. The circuit
court of appeals for the eighth circuit held that there was a
preference for which the president was liable, and the Supreme

Court of the United States denied a writ of certiorari. *Kobusch v. Hand*, 209 U. S. 547 (52 L. Ed. 920).

II. It is hardly necessary to point out that the right here sought to be enforced is purely statutory, and is not controlled by the rules applicable to an action to set aside a conveyance
**2. BANKRUPTCY: preferences: non-fraudulent intent.** made more than four months before the filing of a petition in bankruptcy on the ground that it is in fraud of creditors. The distinction is well recognized. 7 Corpus Juris 155. The requisites to a successful maintenance of the action under the statute are the making of the transfer within four months of the institution of bankruptcy proceedings; the then insolvency of the bankrupt; that the transfer operates as a preference to a creditor; and that the person receiving it or to be benefited by it shall then have reasonable cause to believe that the transfer would effect a preference.

The transfer in question was made within four months of the filing of the petition in bankruptcy. The effect was, as we have seen, to give appellee a preference. It is not seriously contended that Hurdle was not insolvent at the date of the transfer. It is insisted, however, that both he and the appellee were then ignorant of his insolvency, and particularly that the latter, believing him to be solvent, had no reasonable cause to believe that a preference would be effected by the transfer.

It appears from the evidence that Hurdle's business was not prosperous, and that he had for some time been trying to dispose of it. He had employed one Graham to take care of the books, make an invoice of the stock, and sell the business. Graham had not been able to effect a sale. At the time the bill of sale was executed and the arrangement made for the payment to the bank, the parties prepared a statement of Hurdle's financial condition. It is not disputed that the question of his solvency was then under discussion, with particular reference to whether the arrangement could be successfully carried out. The statement so prepared, when properly interpreted, clearly showed Hurdle to be insolvent. Without reciting the evidence in greater detail, we are constrained to say that we are satisfied that both Hurdle and the appellee, or the agent then acting for her, must have known of Hurdle's insolvency, and that the effect of the transfer of the motor vehicles to her and the payment on the

note to the bank could not be other than to give her a preference over other creditors.

This being so, the case falls within the terms of the Federal statute, although neither a fraudulent purpose on her part nor a participation in a fraudulent intent on the part of the bankrupt is shown.

The judgment must be and is—*Reversed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.