In re HERMAN CANTOR
CORPORATION, Debtor.

HERMAN CANTOR CORPORATION,
Plaintiff,

v.

CENTRAL FIDELITY BANK,
N.A., Defendant,

and

Dena K. Cantor, Third Party Defendant.

Bankruptcy No. 81–00640–R.
Adv. No. 81–0137–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Nov. 25, 1981.

Allan S. Buffenstein, Richmond, Va., for plaintiff.

James J. Burns, Richmond, Va., for defendant.

Robert E. Eicher, Richmond, Va., for third party defendant.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Complaint by Herman Cantor Corporation (Cantor), the Debtor herein, against Central Fidelity Bank, N.A. (CFB) to avoid a preferential transfer of property by Cantor pursuant to 11 U.S.C. § 547. CFB made a Motion to dismiss Cantor's Complaint for failure to state a claim upon which relief can be granted. CFB also filed a third party Complaint against Dena K. Cantor. Dena K. Cantor filed a Motion to dismiss the third party complaint. Upon the submission of briefs this Court makes the following determination.

For the purpose of ruling on the Motion to dismiss, the allegations of the Complaint have been construed in the light most favorable to the Plaintiff and its allegations have been taken as true. Wright and Miller, *Federal Practice and Procedure: Civil*, § 1357. Cantor, a Virginia corporation, filed its petition under Chapter 11 of the Bankruptcy Code on April 17, 1981.

A defendant admits facts alleged in a complaint when he files a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. § 12(b). The defendant simply challenges the plaintiff's right to relief under those facts and a court should not dismiss a complaint unless it is certain that the plaintiff can produce no set of facts which would entitle him to relief. *American Technical Machinery Corporation v. Masterpiece Enterprises, Inc.*, 235 F.Supp. 917, 918 (M.D.Pa.1964). Cantor's Complaint sufficiently alleges that CFB was the recipient of a preference pursuant to § 547(b). This Court finds Cantor's allegation that "the effect of the aforesaid payment by the debtor to the bank resulted in the bank receiving more than it would have received from a distribution of the debtor's assets if this were a case under 11 U.S.C. Chapter 7" is in itself a sufficient allegation under § 547(b)(5).

CFB alleges the following facts in its third party complaint against Dena Cantor. CFB extended a loan to Cantor in the amount of $60,000.00 on October 20, 1980 for a period of 180 days. On November 1, 1980, CFB loaned Cantor $40,000.00 also for a period of 180 days. Both loans were evidenced by commercial loan notes. These loans were secured by non-negotiable investment certificates pledged by Dena K. Cantor at the time of the advance. The $60,000.00 extended on October 20, 1980 was secured by an investment certificate in

the principal amount of $60,000.00. The November 1, 1980 loan in the amount of $40,000.00 was secured by an investment certificate in the principal amount of $45,-000.00.

Cantor paid CFB $103,151.12 on January 19, 1981 in full for CFB's loan to Cantor. This payment was made within ninety days of Cantor filing its Chapter 11 proceeding on April 17, 1981.

■ Cantor, now the debtor-in-possession, seeks to recover the $103,151.12 payment made by Cantor to CFB plus interest from January 19, 1981 as a preference. A debtor-in-possession enjoys the trustee's right to avoid a preferential transfer of the debtor's property. *In re Sapolin Paints, Inc.*, 11 B.R. 930, 933, n.4 (Bkrtcy.E.D.N.Y. 1981).

In *Smith v. Tostevin*, 247 F. 102 (2d Cir. 1917) the Second Circuit faced a factual situation similar to that faced in the instant case. Tostevin borrowed $3,600.00 from a bank and pledged as security thirteen shares of his wife's corporate stock. Tostevin repaid the loan several days before a petition in bankruptcy was filed against him. The court found that Tostevin's payment to the bank was in fact a preference to his wife which was voidable under § 60(b) of the Bankruptcy Act. The court held that a pledgor has all the rights and liabilities of a surety when there is a preference. *Smith* at 103.

■ It is well settled that guarantors, sureties and endorsers become creditors of the debtor when they make payment on a debt which they have guaranteed or endorsed. See *Patrick v. White*, 212 N.W. 469, 203 Iowa 239 (1927); *Sutherland v. Honaker*, 196 S.E. 492, 119 W.Va. 672 (1938). Payment to the creditor by the debtor of the debtor's obligation is subject to being avoided by the Trustee because the transfer may benefit an endorser, guarantor, or surety since it discharges his contingent debt. *Fenold v. Green*, 175 F.2d 247, 249 (2d Cir. 1949).

■ This Court must treat pledgors just like it would treat guarantors, sureties or endorsers when determining whether there has been an indirect preference. *Smith* at 103. In the instant case Dena Cantor pledged savings certificates valued at $105,-000.00 in order that Cantor could obtain a loan from CFB. If Cantor had filed bankruptcy before paying back its loan to CFB, CFB as a fully secured creditor would have lost nothing. Dena Cantor as a pledgor of property upon the debt of another would have been entitled to sue Cantor to recover her loss as a surety. *Id.* Cantor, however, paid CFB the value of its loan and CFB relinquished the investment certificates to Dena Cantor. Cantor had no right to prefer Dena Cantor over his other creditors. *Id.* at 104. By this action Cantor may have enabled Dena Cantor to receive more than she would have received if this case were a case under Chapter 7 and the transfer had not been made. 11 U.S.C. § 547(b)(5).

■ Cantor's transfer of property to CFB and the resulting indirect preference to Dena Cantor depleted Cantor's estate and may be voidable. *Bachner v. Robinson*, 107 F.2d 513, 514 (2d Cir. 1939). Although CFB held a fully secured claim, it appears that CFB enjoyed a preference because payment to the secured creditor was not "accompanied by the release of an equivalent value to the estate." *In re Zuni*, 6 B.R. 449, 452 (Bkrtcy.N.M.1980).

■ Bankruptcy Rule 714 adopts Rule 14 of the Federal Rules of Civil Procedure which allows a defendant to bring in a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." F.R.C.P. 14(a). A defendant may file a third party complaint in a case in which the third party defendant is or may be liable both to the original plaintiff and to the original defendant. *National Mutual Insurance Company of the District of Columbia v. Liberty Mutual Insurance Company*, 196 F.2d 597, 598 (D.C.Cir.1952) *cert. denied*, 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952).

■ Dena Cantor argues she could not be liable to CFB under the allegations CFB set forth in its third party complaint and therefore CFB has no cause of action against

her. She cites *In re Monsour Medical Center*, 5 B.R. 715 (Bkrtcy.W.D.Pa.1980) in which the court by dicta suggested individual creditors may not bring suits on their own behalf to avoid preferences to other creditors. *Monsour* at 718–719. It is clear, however, that under CFB's allegations, Dena Cantor may be liable to CFB as a surety.

Although a surety usually is discharged by payment of the debt, he continues to be liable if the payment constitutes a preference under bankruptcy law. A preferential payment is deemed by law to be no payment at all. *Horner v. First National Bank*, 149 Va. 854, 141 S.E. 767, 770 (1928). In *Horner* the Virginia high court described the plight banks would face if preferential payments could discharge sureties.

"They would in fear and trembling receive payment from harassed debtors striving to maintain their credit. When to take and when to refuse would be beyond the wisdom of man, for not all who are financially embarrassed fail, and not all who fail do so within the magic period of four months. Must a bank say to a customer, 'You seem to be in trouble, and I cannot permit you to pay me; I might perchance have to refund to some trustee in bankruptcy and so lose the security of your indorsers'." *Horner*, 141 S.E. at 770.

The courts agree that payment from a debtor which later is set aside as a preference does not discharge a surety. *See*, Annot., 56 A.L.R. 1363 (1928). Dena Cantor may be liable to CFB as surety for CFB's loan to Cantor, therefore it is

ORDERED, ADJUDGED and DECREED that the Motion filed by Central Fidelity Bank, N.A. to dismiss the Complaint filed by Herman Cantor Corporation to avoid a preferential transfer of property be, and is hereby DISMISSED, and it is further

ORDERED, ADJUDGED and DECREED that the Motion filed by Dena K. Cantor to dismiss Central Fidelity Bank's third party complaint be, and is hereby DISMISSED.